In the Matter of FRED L. BARBER, Petitioner, against CLIFFORD LAMPMAN et al., Constituting the Board of Fire Commissioners of Midway Fire District of the Town of Colonie, Albany County, Respondents.

Supreme Court, Special Term, Albany County, January 27, 1950.

*Seth T. Cole* for petitioner.

*Dunton F. Tynan* for respondents.

TAYLOR, J. This is an application in the nature of mandamus pursuant to article 78 of the Civil Practice Act for an order directing the defendants who constitute the board of fire com-

missioners of Midway Fire District of the town of Colonie, Albany County, New York, to rescind their action in removing the petitioner as chief engineer of the fire department of that fire district. The facts are undisputed. At their meeting held May 11, 1949, the petitioner was appointed chief engineer by the board of fire commissioners of the fire district after his nomination by the members of the fire department of that district pursuant to subdivision 11-a of section 176 of the Town Law. At their subsequent meeting held September 14, 1949, the petitioner was removed by the commissioners on the ground that he had failed to do his duty as such engineer. No formal charges of dereliction of duty were preferred against him and he was not accorded a hearing.

The contention of the petitioner is that such action by the board so removing him was null, void, and of no effect, was taken improperly and without jurisdiction and exceeded the power and authority vested by law in that board.

The petitioner claims to have been a local officer within the meaning of section 2 of the Public Officers Law and as such removable only in the manner prescribed by section 36 of that law. The line which distinguishes public office from public employment as it has been marked by judicial expression is nebulous, perhaps for the reason expressed by Mr. Justice HILL in *Matter of Dawson* v. *Knox* (231 App. Div. 490, 492) that " * * * the distinction is not too clear." It has been held that the most important element which distinguishes a public officer from a public employee is the nature of the duties which each is required to perform. (*Matter of Rohr* v. *Kenngott,* 288 N. Y. 97, 105.) If the duties involve the exercise of sovereign powers of greater or lesser degree, the incumbent is a public officer whereas if the duties are routine, subordinate, advisory or directed, he is a public employee. (*People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489, 494; *People ex rel. Corkhill* v. *McAdoo,* 98 App. Div. 312, 314; *Matter of Dawson* v. *Knox, supra.*) The requirement of the taking of an official oath is often considered in determining whether one is a public employee or a public officer. (*Meyers* v. *Mayor of City of N. Y.,* 69 Hun 291; *Collins* v. *Mayor,* 3 Hun 680.) In one instance the latter test has been said not to be infallible (*Matter of Dawson* v. *Knox, supra*) and in another has been indicated to be the truest test. (*Collins* v. *Mayor, supra.*)

The duties of the chief engineer are specified and defined in the Town Law as follows: " § 176-a. *Duties of chief and assist-*

*ant engineers of fire department of fire district.* The chief engineer shall, under the direction of the board of fire commissioners, have exclusive control of the members of the fire department of the fire district at all fires, inspections, reviews and other occasions when the fire department is on duty or parade; he shall also have supervision of the engines, fire trucks, pumpers, hose wagons and other apparatus and of the equipment and other property used for the prevention or extinguishment of fire and of all officers and employees of the fire department. He shall see that the rules and regulations of the board of fire commissioners are observed and that the orders of the board of fire commissioners are duly executed. He shall, whenever required by the board of fire commissioners, report to said board the condition of the property of said fire district and such other information as may be required of him. He shall hold the members, officers and employees of the fire department strictly to account for neglect of duty and may suspend them for improper conduct, subject to the action of the board of fire commissioners at its next meeting. In case of the disability or absence of the chief engineer, the first assistant engineer, and in case of the disability or absence of both the chief engineer and first assistant engineer, the other assistants, in numerical order, shall perform the duties and exercise the powers of the chief engineer.''

Thus, the Legislature in defining the duties of the chief engineer, has clearly indicated that he must act only under the jurisdiction, direction and control of the board of fire commissioners. He is obliged to execute its orders, to see that its rules and regulations are observed, to report to it concerning the property of the district and such other information as it may require, when ordered to do so, and while he may suspend members, officers and employees of the fire department for improper conduct, his acts are subject to the confirmatory action of the board at its subsequent meeting. The provisions of the section permit the exercise by him of no sovereign power of any degree. They afford to him no independent prerogatives or authority. The acts permitted and required to be performed are those of a subordinate under the direction, supervision and subject to the confirmatory action of a superior. Such circumscription is not consistent with the exercise of sovereign power. The tenor of the language of the section is indicative of restraint rather than of freedom and of supervision rather than of independence. Undoubtedly, in the direction of his subordinates in the extin-

guishment of fires and in determining the methods which are best suited to accomplish that purpose the chief engineer has discretion but so has a city health officer on pestilential occasions, yet the latter has been held to be a public employee and not a public officer. (*Matter of Conolly* v. *Craft,* 205 App. Div. 583.)

The Legislature in the statute entitled " Fire district officers " mentions only the fire commissioners, treasurer and secretary as such. (Town Law, § 174.) The chief engineer of the fire department is not so denoted. Those officers are required to take and file the constitutional oath of office. There is no such requirement of the chief engineer. While in itself the lack of the requirement is not controlling, it is, in my opinion, a significant circumstance in determining where the line of demarkation is between a public employee and a public officer.

I think, therefore, that as chief engineer of the fire department the petitioner was a public employee and not a public officer. Hence, section 36 of the Public Officers Law has no application in respect of his removal from office.

Since I have concluded that the petitioner in his capacity as chief engineer is a public employee and not a public officer, there are no statutory requirements as to the procedure required to be followed to effect his removal. He had no definite term of employment although the statute requires an annual appointment to fill the position. He is in the same situation as any other subordinate employee who cannot bring himself within the provisions of some statute which requires notice, preferment of charges, an opportunity to be heard or the like, illustrative of which are section 22 of the Civil Service Law and section 36 of the Public Officers Law. The Legislature has seen fit to permit removal of subordinates such as this petitioner by the appointing power without the preferment of charges and a hearing and the courts cannot add such requirement where none is prescribed. If the result be harsh and unfair to an employee, the remedy must be found in the Legislature and not in the courts.

For the reasons above stated I have concluded that the petition must be and hereby is dismissed, without costs.

Submit order accordingly.