In the Matter of FRED L. BARBER, Appellant, against CLIFFORD LAMPMAN et al., Constituting the Board of Fire Commissioners of Midway Fire District of the Town of Colonie, Albany County, Respondents.— Appeal from an order of the Supreme Court, at Special Term, Albany County, which denied appellant's application for an order directing the defendant board of fire commissioners to rescind its action removing petitioner as chief engineer of the fire department of the Midway Fire District of the Town of Colonie, Albany County, New York. Appellant contends that he was a local public officer and could only be removed pursuant to the provisions of section 36 of the Public Officers Law. The appointment of a chief engineer for a fire department in a fire district is provided for in paragraph 11-a of section 176 of the Town Law, and his duties are prescribed in section 176-a of the same statute. He acts under the direction of the board of fire commissioners of the fire district. A chief engineer is not named as an officer of a fire district anywhere in the statute. The Special Term held that appellant, as chief engineer, was a public employee but not a public officer, and there are no statutory requirements required to be followed to effect his removal. Order unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ. [198 Misc. 135.] [See *post*, p. 727.]

∎

FIRST NATIONAL BANK OF HIGHLAND, Appellant, v. DOROTHY W. THOMPSON, Defendant, and DONALD WEAVER, Respondent.— Appeal from an order of the Supreme Court granted at an Albany Special Term, denying plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice. The action is founded upon a promissory note and is brought against defendants as indorsers thereof. The motion was against the defendant-respondent, who had answered the complaint, the other defendant not then having been served nor having appeared. Plaintiff's moving affidavit on the face thereof established its cause of action as against the defendant-respondent and we fail to find anything in his opposing affidavit which may be deemed to set forth facts sufficient to raise a triable issue. Order reversed on the law and motion for summary judgment granted, with costs. Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ., concur.