WILLIAM F. AHERN, Appellant-Respondent, v. EVERETT McNAB et al., Respondents-Appellants.

Second Department, April 20, 1959.

*George W. Percy, Jr.,* for appellant-respondent.

*Pierson R. Hildreth, County Attorney (Pierre G. Lundberg* of counsel), for respondents-appellants.

NOLAN, P. J. These appeals arise in an action brought to restrain the defendant McNab from performing certain of the functions of the Board of Elections of Suffolk County and to restrain the Auditor and Treasurer of Suffolk County from auditing and paying bills for expenses which may be incurred in connection therewith. The facts are stated in our decision in a companion appeal (*Matter of Ahern* v. *Board of Supervisors of County of Suffolk,* 7 A D 2d 538). After the failure of the Board of Supervisors to appoint Adrian F. Mason a Commissioner of Elections to fill the vacancy on the Board of Elections which existed on and after December 30, 1958, defendant McNab continued to operate the office and to perform the functions of the Board of Elections, even though no Democratic commissioner had been appointed. This action was commenced early in January, 1959, and an order was made on February 4, 1959, which granted to some extent a motion made by plaintiff for an injunction *pendente lite* and otherwise denied it. The order also denied a cross motion by defendants to dismiss the complaint for insufficiency. Plaintiff has appealed from that order insofar as it failed to grant him full relief. Defendants have appealed from the denial of their motion to dismiss the complaint and from the injunctive provisions of the order.

Thereafter, and after the appointment of one Arthur M. Weiss as a Commissioner of Elections, and on the basis thereof, defendants moved for an order vacating the injunctive provisions of the order of February 4, 1959. The motion was granted in part, and the injunction was to some extent relaxed by the order entered March 9, 1959. Defendants appeal from

that order insofar as it denied their motion to vacate the injunctive provisions in their entirety.

In our opinion, the complaint as a pleading is sufficient, and the motion to dismiss it was properly denied. It is also our opinion, however, that the injunctive provisions of the order of February 4, 1959 should be vacated in their entirety. The injunction was originally granted on a verified complaint alleging that the defendant McNab as a single Commissioner of Elections was unlawfully discharging the duties and functions of the Board of Elections, which could legally function only when composed of two commissioners, and had been making, and continued to make, purchases and was incurring expense in the name of the Board of Elections of the County of Suffolk. It was asserted that the acts of this defendant, by reason of their illegality, would be productive of legal actions brought against the county, and would thus result in a waste of public funds, and that such illegal acts would otherwise result in public mischief. Commissioners of Elections are local officers but to a great extent act in the performance of their duties, not as representatives of their counties, but on behalf of the People of the State of New York. It was not alleged whether the claimed illegal expenses were being incurred in the performance of the duties of the defendant McNab as a local public officer representing the County of Suffolk or as the representative of the People of the State in the performance of duties connected with the general elections, and it is impossible, from the record, to determine in which capacity defendant McNab was incurring the expenditures complained of. At least, insofar as he was acting on behalf of the People of the State, he was not subject to restraint in an action such as this, brought pursuant to section 51 of the General Municipal Law. That statute does not authorize an action against a person acting in such a capacity. (*Schieffelin* v. *Komfort*, 212 N. Y. 520; *Matter of Reynolds*, 202 N. Y. 430.) Plaintiff's right to any injunction *pendente lite* was, therefore, extremely doubtful. After the appointment of Mr. Weiss as the Democratic Commissioner of Elections, however, plaintiff no longer had any cause for complaint as a taxpayer, even insofar as the commissioners acted as local officers representing the county. It is not enough to justify an action under section 51 of the General Municipal Law that the activities complained of may be illegal. It must also be shown that the illegal action is in some way injurious to municipal interests and that, if permitted to continue, it will result in waste of public funds or will otherwise produce some

public injury or mischief. (*Western N. Y. Water Co.* v. *City of Buffalo,* 242 N. Y. 202; *Altschul* v. *Ludwig,* 216 N. Y. 459.) It is difficult to see how the activities of the Board of Elections of Suffolk County can result in waste of public funds or produce public injury or mischief, as long as the board consists of two commissioners, one concededly a *de jure,* and the other at least a *de facto* commissioner (cf. *Matter of Bryce,* 1913 Atty Gen. 616, 619; *Terhune* v. *Mayor, Aldermen & Commonalty of City of N. Y.,* 88 N. Y. 247) whose acts are valid so far as they concern the public or the rights of persons who are interested in the things that are done (see *Dolan* v. *Mayor, Alderman & Commonalty of City of N. Y.,* 68 N. Y. 274, 282). It is not alleged that the commissioners are about to expend the public funds for any purpose not legally required, nor may we assume that they will not conduct the affairs of the Board of Elections on a strictly bipartisan basis insofar as they may be required so to do by law. When this motion was heard at Special Term the learned Justice there presiding was no doubt influenced in refusing to grant it in full by the fact that an order had issued in the proceeding commenced by the plaintiff against the Board of Supervisors directing the cancellation of the appointment of Mr. Weiss as a Commissioner of Elections, and he quite properly refrained from expressing any opinion as to the merits of that controversy, since the question there presented had been decided by another Justice of the Supreme Court exercising co-ordinate jurisdiction. This court is not prohibited, however, by any principle of judicial comity from expressing a contrary view, and we have done so in the companion appeal. It is our opinion, on the facts as they now exist and in view of the policy of the law to guard against the failure of public service (*People ex rel. Kingsland* v. *Palmer,* 52 N. Y. 83, 88), that the injunctive provisions of the order of February 4, 1959 should be entirely vacated. If it shall appear on the trial of the issues that injunctive relief is necessary and proper, such relief may be granted then. In the meanwhile, it does not appear that the plaintiff or the taxpayers of the county will suffer any damage or injury if temporary relief is withheld.

The order entered March 9, 1959 should be modified so as to vacate the injunctive provisions of the order entered February 4, 1959 in their entirety and, as so modified, should be affirmed, without costs.

The order entered February 4, 1959, insofar as it denied defendants' cross motion to dismiss the complaint, should be affirmed, without costs.

The appeals by plaintiff and defendants with respect to the injunctive provisions of the order entered February 4, 1959 should be dismissed, without costs, as academic.

WENZEL and HALLINAN, JJ., concur with NOLAN, P. J.; UGHETTA and KLEINFELD, JJ., concur in the affirmance of the order entered February 4, 1959, insofar as said order denied defendants' cross motion to dismiss the complaint, but dissent from the dismissal of the appeals by plaintiff and defendants with respect to the injunctive provisions contained in that order and from the modification of the order entered March 9, 1959, and vote to affirm the order of February 4, 1959 with respect to the injunctive provisions contained therein and to affirm the order of March 9, 1959 without modification.

Order entered March 9, 1959 modified so as to vacate the injunctive provisions of the order entered February 4, 1959 in their entirety. As so modified, order affirmed, without costs.

Order entered February 4, 1959, insofar as it denied defendants' cross motion to dismiss the complaint, affirmed, without costs.

Appeals by plaintiff and defendants with respect to the injunctive provisions of the order entered February 4, 1959 dismissed, without costs, as academic.