Matthew J. Jasen, J.
This is an article 78 proceeding brought by the petitioner against the Niagara County Board of Supervisors to obtain an order:
(1) directing the Board of Supervisors to appoint a County Attorney by a majority vote;
(2) declaring the present County Attorney, James P. Degnan, to be holding office illegally and without warrant in law, and
(3) declaring the Assistant County Attorneys to be holding office illegally and without warrant in law.
The facts in this case are not in dispute. On January 7, 1958, James P. Degnan was appointed County Attorney of Niagara County for a two-year term, He was reappointed for a like term *1088 on January 5,1960. At the organization meeting of the Board of Supervisors in January, 1962, the incumbent County Attorney failed to receive a majority of the total number of votes of the members of the board, which consisted of 42 members. Since the organization meeting and up to and including the present time, the board has voted approximately 40 times and no one has received the necessary majority required. The incumbent County Attorney has and still continues to hold office.
First, let us consider the number of votes required in order to appoint a County Attorney. The rules of the Board of Supervisors of Niagara County contain no mention of the number of votes necessary to appoint.
Subdivision 4 of section 153 of the County Law states: “Whenever * * * the board of supervisors is authorized or required to act, and no proportion of the voting strength for such action is otherwise prescribed, such action shall be taken by the affirmative vote of a majority of the total membership of the board.”
Also, section 41 of the General Construction Law states: “ Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly as a board or similar body * * * not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words ‘ whole number ’ shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting.”
Therefore, it is the opinion of the court that a majority of the total board consists of 22 members, and the same number is required to appoint a county attorney.
We next come to the question of whether a County Attorney is a public officer.
The petitioner points to the case Dawson v. Knox (231 App. Div. 490, affd. 267 N. Y. 565) as his authority for contending that the county attorney is not a public officer and, therefore, does not come within the definition of section 5 of the Public Officers Law, which reads: “Every officer * * * having duly entered on the duties of his office, shall * * * hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified ”.
The leading case on this subject, Thompson v. Hofstatter (265 N. Y. 54 [1934]), which was decided three years after the *1089 decision rendered by the Appellate Division in the Daioson case, clearly held that a county attorney is a public officer and referred specifically to the said Appellate Division decision.
In 1935, the Court of Appeals affirmed without opinion, the Dawson case. However, this affirmance does not mean that the Court of Appeals reversed their opinion in the Thompson v. Hofstatter case as to whether a County Attorney was a public officer. This is evidenced by the court’s reference to the Thompson case in Matter of Sullivan v. Taylor (279 N. Y. 364).
It must be noted that the Dawson case was decided by the Appellate Division on January 14,1931, at which time section 210 of the County Law stated: “ The board of supervisors in any county may appoint a county attorney. The term of office shall be two years ” (emphasis supplied).
In April, 1931, the State Legislature amended section 210 and provided that, “ The board of supervisors in any county of less than 500,000 population may appoint a county attorney to act during the term of office for which the then members of the board were elected, provided, however, that such attorney shall continue in office thereafter until his successor has been appointed, or, until he has been notified, by the succeeding board, that his employment is discontinued.” (Emphasis supplied.) This section, as amended, continued in effect until the County Law was revised in 1950, its present form.
There appears little doubt that the Legislature amended section 210 in 1931 for the purpose of obviating the decision rendered by the Appellate Division in the Dawson case. The Court of Appeals in the Thompson case interpreted section 210, as amended in 1931, and held that a county attorney was a public officer, thereby nullifying any effect the Dawson holding might have had. It is interesting to note that even with section 210, as amended, the Court of Appeals was not in agreement with the reasoning of the Appellate Division in the Dawson case in specifically stating that the “ Matter of Dawson v. Knox (231 App. Div. 490), holding the County Attorney of Albany County an employee and not an officer * * * does not meet with our approval ” (pp. 58-59; emphasis supplied).
The present section 500 of the County Law, which was derived from section 210 of the County Law states that: “ The board of supervisors of each county shall appoint a resident attorney-at-law as county attorney for the term of office for which the then members of said board were elected.” (Emphasis supplied.) It must be noted that the reference previously contained in section 210 to the fact that the county attorney holds over until his successor has been appointed was deleted in section 500.
*1090 The court is of the opinion that section 400 of the County Law entitled, “ Officers; manner of selection; term; vacancies ” states in subdivision 4: “ Appointive. There shall continue to be appointed in the manner prescribed by law a clerk of the board of supervisors, a county attorney ” and History of the County Law, page LII (McKinney’s Cons. Laws of N. Y., Book 11), definitely establishes that a county attorney is a public officer and, therefore, the county attorney is within the confines of section 5 of the Public Officers Law, and holds over until his successor has been appointed.
It is the determination of this court that since the Niagara County Board of Supervisors has failed to appoint any successor to James P. Degnan, as County Attorney, by the required number of affirmative votes, to wit, 22, he is still the lawful County Attorney.
It is also the determination of this court that the Assistant County Attorneys retain their offices until their appointments are revoked by the County Attorney, as prescribed by law.