■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KARL M. KOTASEK, Appellant, v. JOHN M. PERHACH, as Sheriff of the County of Broome, Respondent.— *Per Curiam.* The petitioner appeals from a judgment denying his application for a writ of habeas corpus. It seems to be agreed that the sole question presented is whether or not a County Court may, in its appellate capacity, remand a prisoner to a Special Sessions Court for resentencing after setting aside an illegal sentence. In 1953 section 764-a of the Code of Criminal Procedure was enacted by the Legislature to provide that a Court of Special Sessions may correct an illegal sentence at any time and may continue for such purpose. The petitioner does not deny that the County Court had the power to vacate the illegal sentence and does not allege that the County Court did not impose a lawful sentence, but rather, rests on the assumption that " the second sentence imposed by the special sessions court, under which your petitioner is now being detained, is void for want of jurisdiction of the matter by the sentencing court." This contention must fail since the Court of Special Sessions has continuing jurisdiction and therefore, the petitioner has no basis for claiming that the second sentence is illegal in a habeas corpus proceeding. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ In the Matter of ALBERT W. RUMSEY, JR., et al., Appellants, v. LESLIE CRATE et al., Constituting the Board of Zoning Appeals of the Town of Sullivan, Respondents.— MEMORANDUM BY THE COURT. In a proceeding pursuant to article 78 of the Civil Practice Law and Rules petitioners sought a review of the determination of the Zoning Board of Appeals of the Town of Sullivan, Madison County, granting an application for a special use permit. Special Term annulled the determination and remitted the proceeding to the board with the direction that it " meet in formal session and vote on the application for the special use permit." Petitioners appeal only from that part of the order which remitted the proceeding. The voting procedures which the record shows to have been adopted by the board were grossly irregular and it is obvious that there was no compliance with other provisions of section 267 of the Town Law. We agree with Special Term that a member who had been designated as a chairman of the board was not disqualified by the expiration of his term since no successor had been chosen or qualified. (Public Officers Law, § 5.) Its power to remit is clear but we think the directions given to the board should be amplified. Order modified by striking therefrom its last paragraph and substituting therefor a provision remitting the proceeding to the Zoning Board of Appeals with a direction that within 15 days after the service of the order to be entered hereon with notice of entry a meeting of the board open to the public be convened for action on the application for the permit whereat all other material provisions of subdivision 1 of section 267 of the Town Law shall be complied with, without costs to either party. Settle order. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.