■ In the Matter of DONALD F. SENECAL, Petitioner, v. CITY OF COHOES et al., Respondents.— REYNOLDS, J. Proceeding under article 78 of the CPLR to review a determination of the respondent, the Mayor of the City of Cohoes, removing petitioner from his office as Commissioner of Public Works of the City of Cohoes as of May 17, 1965. Petitioner, appointed to his position by respondent in January, 1964, was removed from office by the respondent who found,

after a hearing as required by section 62 of the Charter of the City of Cohoes, that petitioner allowed a grader to be diverted from municipal purposes to the financial benefit of the Craib Engineering Company of Berlin, New York and that petitioner certified that a city employee worked and was entitled to overtime while said employee was vacationing in the State of Florida. Petitioner asserts that there is no substantial evidence in the record to support the charges, that the refusal of an adjournment was a denial of due process and that the hearing was not held before a properly constituted tribunal. Section 62 of the Charter of the City of Cohoes provides in pertinent part: "Except as otherwise provided in this act the mayor may remove any appointed officer in the following manner: The mayor shall serve written charges upon the officer and shall give him a hearing at which all the testimony in the matter shall be taken under oath and reduced to writing. If in the judgment of the mayor such testimony is sufficient to warrant the removal of the officer, the mayor may remove the officer and shall file all the evidence together with his written detailed reasons for the removal, signed by him, in the office of the city clerk." On the instant record, we cannot say that the respondent could not properly have reached the decision rendered with respect to the charges asserted under section 62 and the rationale and test of *Sharkey* v. *Thurston* (268 N. Y. 123). We find no merit in petitioner's allegations that he was improperly denied an adjournment of the hearing to investigate the charges. The affidavits of the Corporation Counsel and the attorney retained to represent the city in the proceeding both indicate that petitioner's then attorney requested only that petitioner not be called as a witness on the first day of the proceeding. Significantly, there is no affidavit from petitioner's then attorney refuting these assertions, and concededly this request was complied with. Furthermore, the hearing continued over five separate days between May 22, 1965 and June 2, 1965. Nor do we find a violation of section 3 of the Public Officers Law or section 8 of the Charter of the City of Cohoes in the fact that a nonresident of the City of Cohoes acted as counsel in this proceeding on behalf of the city. Such counsel was neither appointed nor elected to office but rather retained in his professional capacity pursuant to section 190 of the Charter of the City of Cohoes. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Reynolds, J.