Andrew J. DiPaola, J.
In this taxpayer’s action (General Municipal Law, § 51) the plaintiff attacks the appointment of the Corporation Counsel of the 'City of Long Beach, the defendant Weiriblatt, and two of his assistants, the defendants Coogan and Alpern, on the ground that none of them was at the time of his appointment[1] or has since been or now is a resident of the City of Long Beach.[2]
Subdivision 1 of section 3 of the Public Officers Law sets forth among qualifications for holding office, that “No person shall be capable of' holding a civil office who shall not, at the time he shall be chosen thereto * * * be a citizen of the United States, a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen
In his decision denying the motion for a preliminary injunction in this action (Index No. 10182/72, dated Oct. 6, 1972), Mr. Justice Harnett noted that “ Whether a particular official is a ‘ public official ’ depends on more than occupying a government position; a certain degree of ‘ sovereign power ’ must also go with the office to distinguish it from a government employee position that is designed only to carry out prescribed details of government work. New York Post Corp. v. Moses, 12 A. D. 2d 243, revd. on other grounds, 10 N. Y. 2d 199; Application of Sweeney, 1 Misc 2d 125." (See, also, Matter of O’Day v. Yeager, 284 App. Div. 754, 755, 756; Matter of Barber v. Lampman, 198 Misc. 135, 137, affd. 278 App. Div. 600; Matter of Corsall v. Gover, 10 Misc 2d 664, 668, 669; 20 Opns. St. Comp. 430, 431.)
Under section 23 of[1] article 3 of the Charter of the City of Long Beach (L. 1922, ch. 635 as amd.), the Corporation Counsel is described as “ the official legal adviser of the council and all boards and officers of the city” and is required to “furnish on request written legal opinion to the council or any department of the city.” Moreover, the charter provides that the Corporation Counsel ‘ ‘ shall, when directed by the council, prosecute and defend all actions and proceedings by and against the city and every department thereof, and perform such other professional services relating to said city as the mayor or council may direct.” In none of the provisions governing the Corporation Counsel is he vested with any degree of sovereign power or of independent function such as to justify or compel his *203 inclusion within the ambit of those who within the above authorities are public officials exercising governmental powers as distinguished from public employees who carry out prescribed details of government work. This analysis is supported by those authorities which have held that one holding the position of counsel to a political subdivision or municipal corporation is not a public officer (Matter of People ex rel. Dawson v. Knox, 267 N. Y. 565 [county attorney][3]; Fisher v. City of Mechanicsville, 225 N. Y. 210 [village attorney]; Matter of Senecal v. City of Cohoes, 27 A D 2d 773 [counsel retained by city]; South Buffalo Terms v. Grobe, 148 Misc. 646, affd. on opn. below 239 App. Div. 881 [county attorney]; 1962 Opns. Atty. Gen. 67 [city attorney]). The appointments of the Corporation Counsel and a fortiori of his two assistants, which are challenged in this litigation, were not in violation of the Public Officers Law.
Further reference to the city charter indicates that where it was the legislative purpose to mandate residence within the city as one basis for election or appointment, express provision was made therefor. Thus, in article 3 (§ 20, subd. 2; Local Laws, 1943, No. 5 of City of Long Beach), it is stated with reference to the City Manager that “ At the time of his appointment he need not be a resident of the city or the state, but during his term of office he shall reside within the city ”. There is no similar or related charter provision applicable to the Corporation Counsel or his assistants.
The plaintiff invokes section 2-701.1 of the Municipal Code of the City of Long Beach, which provides that “ No person shall be eligible to appointment or employment to any office, job or postion [in the city] unless he or she shall have been a bonafide resident and dweller in good faith of the City of Long Beach * * * for at least twelve (12) consecutive months preceding the date of appointment or employment ’ ’. The validity of the enactment may be assumed for present purposes (cf. Matter of Maye v. Lindsay, 69 Misc 2d 276). The difficulty with the plaintiff’s position is that the code contains an exception for a specific project or undertaking that “ requires special skill, technical knowledge or professional ability which in the opinion of the Council is not possessed by any resident ” in which event “ nonresidents may be temporarily employed, subject to the approval *204 of the ^Council for the specific project or undertaking for a limited time only.” The court finds that the employment of the Corporation Counsel and the two assistants who are defendants was one within the exception, that the appointees had unusual specialized experience and that their tenure was for the limited term ending December 31, 1973. The court is not persuaded that there was any abuse of the council’s powers in this respect. The positions filled are highly sensitive ones, marked by many of the characteristics of a client-attorney relationship and the discretion exercised must necessarily be measured with an eye to the relationship as well as to the educational and professional backgrounds of those designated.
The complaint is, therefore, dismissed, without costs. The court has not overlooked the attacks upon the complaint based on alleged lack of standing to sue and defect in remedy sought, but those contentions were overruled by the decision on the pretrial motion to dismiss the complaint which was denied. That ruling is adhered to.

. The appointments were effective January 1,1972 (Weinblatt), January 18, 1972 (Coogan) and June 26, 1972 (Alpern).

. So much of the action as challenged the appointment of the defendant James ¡Nagoumey as City Manager (and who since his appointment became a resident of the city) was discontinued at the trial.

. The ease by necessary implication overrules Thompson v. Hofstatter (265 N. Y. 54, 59) in which the Court of Appeals said of the Dawson case as decided at the Appellate Division, that that court’s “ holding the County Attorney of Albany county an employee and not an officer * * 3**6 does not meet with our approval.”