HON. JAMES D. BENSON County Attorney, Dutchess County
In your recent letter of inquiry, you requested an opinion as to whether your law assistant, a non-county resident, who is admitted to practice in New York, may appear on the County's behalf before the courts of this State. Subsequently, you telephonically advised on December 8, 1976, that your law assistant is paid by the County and is employed in the County Attorney's office.
This letter is to confirm my telephonic response to you on the above date, wherein I advised you that in Public Officers Law, §3(1), it is provided as follows:
"§ 3. Qualifications for holding office
 "1. No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, * * * be * * * if it be a local office, a resident of the political subdivision * * * for which he shall be chosen * * *."
I further advised you that in view of the fact that your law assistant would be appearing on the County's behalf before the courts of this State; and consequently, would be in effect acting for the County Attorney, a public officer, it is my opinion that your law assistant would be also considered a public officer, and consequently, would have to be a resident of the County pursuant to the above Public Officers Law, § 3(1).
I enclose herewith for your review a copy of a decision in the case entitled "Application of Paul Des Pres, Petitioner, Pursuant to Article 78 v. Niagara County Board of Supervisors,
Respondent, 236 N.Y.S.2d 484," which establishes that a County Attorney is a "public officer".