Theodore A. Kelly, J.
This is a proceeding pursuant to CPLR article 78 for judgment determining that respondent’s election to the office of trustee in the Village of Spring Valley-constituted a resignation from his membership on the Town of Ramapo Board of Assessment Review. By order dated June 15, 1977 the court transposed this proceeding into an action for a declaratory judgment and directed an immediate trial on the one issue framed by the pleadings, i.e., whether or not the two offices held by respondent were mutually incompatible.
Respondent was appointed to the Board of Assessment Review (hereinafter the board) in 1972. He was appointed to an additional five-year term in 1975. The board is charged with hearing and examining grievances on real property assessments pursuant to section 1524 of the Real Property Tax Law. In March, 1977 respondent was elected a trustee of the Village of Spring Valley, a municipality which is located partially within petitioner’s geopolitical boundaries.
The State Board of Equalization and Assessment has concluded that the office of Village Trustee is incompatible with membership on the board. (2 Opns of Counsel of St Bd of Equal & Assess No. 21, p 29.) It stated that such dual membership might require the village officer, while sitting as a member of the board, to consider a grievance filed by the village with the town if the village owned taxable property within the town. It further stated that the State program for assessment improvement required that local assessment review boards be independent and insulated from membership by municipal officers of employees. In response to an inquiry from respondent, the State Board of Equalization and *916 Assessment, by letter of June 2, 1977 reaffirmed this conclusion.
Petitioner alleges that respondent’s election as a trustee precludes further participation by him as a member of the board and that his position should be deemed vacated. Respondent contends that he is still entitled to hold the two offices and that there is no incompatability.
It is a well-settled rule of the common law that a public officer cannot hold two incompatible offices simultaneously (Matter of Smith v Dillon, 267 App Div 39). The purpose of this rule is to prevent offices of public trust from accumulating in a single individual. Conversely, a person may hold two offices which are not incompatible, unless they are rendered so by constitutional or statutory provision (People ex rel. Ryan v Green, 58 NY 295).
Incompatibility between two offices is an inconsistency in the functions of the two so that from their nature and relationship, they ought not to be held by the same person (People ex rel. Ryan v Green, supra; Fauci v Lee, 38 Misc 2d 564, affd 19 AD2d 777). Where one office is not subordinate to the other, or where the relations of the one are not inconsistent with or repugnant to the other, then the law does not declare that the acceptance of one results in the vacation of the other (People ex rel. Ryan v Green, supra). In order for two offices to be incompatible, they must be subordinate, one to the other, and they must, per se, have the right to interfere, one with the other (People ex rel. Ryan v Green, supra; Fausi v Lee, supra; O’Malley v Macejka, 54 AD2d 992).
The evidence established that the Village of Spring Valley does not own any taxable real property in the Town of Ramapo. Respondent testified that in the event the village acquired such property, and a grievance was filed with the board, that he would disqualify himself from any participation in the grievance proceeding.
The testimony further established, however, that respondent, in his capacity as a trustee, would sit as a member of the Village Board of Assessment Review which hears grievances filed by village taxpayers. Respondent testified that as a member of the board, he has considered grievances filed by individuals owning property in the Village of Spring Valley. He acknowledged that he could be required to review the assessment for the identical piece of property, both as a *917 member of the Village Board of Assessment Review and as a member of the board.
Real property within the Village of Spring Valley is presently assessed at 50% of full valuation. The Town of Ramapo assesses at 100% of full valuation. Respondent admitted that grievants could viably argue at the town level that their town assessment should be only twice the amount of their village assessment, and that he was familiar with cases where the town assessment was more than double the amount of the village assessment. He stated that board members would not necessarily consider the village assessment in determining whether or not the town assessment should be reduced, but that he would furnish other board members with any special information he may have obtained concerning a particular piece of property while he was sitting on the village board. He further contended that he would decide any grievance submitted, whether at the town or village level, only on the basis of the evidence submitted by the grievant, even if it involved the same piece of property.
The court was impressed with the candor and sincerity of respondent’s testimony. However, the court believes that respondent’s membership on the board is incompatible with his participation as a trustee on the Village Board of Assessment Review. As respondent acknowledged, a taxpayer owning property in the Village of Spring Valley could file a grievance to the town and village boards of assessment review. Since the village assesses at 50% of valuation and the town at 100% valuation, the town assessment for such property could be more than twice the amount of the village assessment. In such a case, a grievant could allege that the town assessment should be only twice the amount of the village assessment. Respondent conceded this to be a fact. Since the village board sits four months prior to the town board, any determination as to value made by respondent at the village level must be consistent with the later determination that he makes at the town level regarding the same property, all things being equal. If respondent, therefore, disallowed an assessment reduction on the village level, this would constitute a determination by him that the village assessment is proper, i.e. that it represents 50% of the full value of the property. If the town assessment was more than twice the amount of the village assessment, as it could well be, respondent’s discretion to act objectively on the town level would thus be compromised. In *918 order to be consistent, he would be compelled to utilize the same figure that he had adopted at the village level and grant the grievant a reduction in assessment. Any inconsistency would subject his judgment to question. In order to obviate the possibility of any such conflict, to avoid the appearance of any impropriety and to preserve the integrity of the board and public confidence in its operations, respondent should be deemed to have vacated his position on the board upon his election as a trustee in the Village of Spring Valley.
The application, accordingly, is granted.