■ RONALD A. D'AMBROSIO et al., Individually and as Trustees of the Village of Herkimer, Respondents, v DONALD J. REILE as Mayor of the Village of Herkimer, et al., Appellants. — Judgment unanimously reversed, without costs, and judgment granted, in accordance with the following memorandum: This is an appeal from a judgment declaring valid the appointment by petitioners of Patrick Kirk as the Herkimer Village Attorney for 1984-1985. The declaration by Special Term was based upon an order to show cause predicated on a petition to which answers and a reply affidavit had been filed. We treat the proceeding as if it were an action for declaratory judgment (CPLR 103, subd [c]). The record establishes that the Deputy Mayor was invested with all the powers of the Mayor in the latter's absence and that the

agenda for the April 16, 1984 meeting, at which the appointing resolution was adopted, contained no reference to any proposed resolution with relation to the office of the Village Attorney. Section 1-203 of Local Law No. 3 of 1983 of the Village of Herkimer relating to the organization and procedure of the Board of Trustees provides, among other things, that all resolutions shall, at least four business hours prior to each Board meeting, be delivered to the village clerk who shall furnish each member of the Board of Trustees with a copy thereof prior to the Board meeting. It is not disputed that this procedure was not followed. We find that under these circumstances Special Term erred in its declaration and we consequently vacate the findings and declare that the appointment of Kirk as Village Attorney was violative of Local Law No. 3 of the Village of Herkimer and improper. We add the declaration that the respondent Carl G. Scalise, who was appointed Village Attorney on April 4, 1983 for one year, under the circumstances disclosed in the record, was a village officer and is a holdover under section 5 of the Public Officers Law. Thus, he must be permitted to discharge the duties of the office of Village Attorney until his successor shall be chosen and qualified (Public Officers Law, § 5). (Appeal from judgment of Supreme Court, Oneida County, Shaheen, J. — declaratory judgment.) Present — Dillon, P. J., Callahan, Green, Moule and Schnepp, JJ.