OPINION OF THE COURT
Robert F. Doran, J.
Petitioner seeks a judgment declaring that he is the Town Attorney for the Town of New Scotland until a successor is duly appointed and qualified. Petitioner claims that respondents should recognize and acknowledge him as the Town Attorney pursuant to Public Officers Law § 5. Petitioner also seeks a declaration that respondents should pay him the salary as appropriated in the annual budget for the Town of New Scotland.
Petitioner was appointed Town Attorney for the Town of New Scotland at the regular montlily board meeting of the Town of New Scotland held on June 4, 1980. Thereafter, at the annual town organizational meetings held January 1 for *69 the years 1981, 1982, 1983, 1984, 1985, 1986 and 1987, petitioner was reappointed Town Attorney. Following each of those appointments, petitioner duly filed his sworn oath of office with the Town Clerk, as he has also done for 1988. Petitioner is currently — and has been since 1979 — a resident of the Town of New Scotland.
Since his appointment in June of 1980, petitioner has received a salary, payable each month; has been a member of the New York State Employees’ Retirement System; and has been covered by the health insurance plans available to all town officers and employees.
There is at the present time a vacancy on the Town Board of the Town of New Scotland. At the organizational meeting held on January 1, 1988, a motion was made and seconded to appoint petitioner as Town Attorney for a term commencing January 1, 1988. The motion did not pass, since there were only four members of the Town Board and only two voted for the appointment. A successor Town Attorney has not been appointed. The budget for 1988, which was duly adopted in 1987, contains an appropriation under the account line Town Attorney of $10,000 for services of the Town Attorney.
The Supervisor of the Town of New Scotland has declined to confirm that he would pay the salary in accordance with the budget and has declined to confirm that petitioner is the Town Attorney holding over pursuant to Public Officers Law § 5. Petitioner states that he is ready and willing to discharge his duties as Town Attorney.
The record demonstrates that the various resolutions over the many years that the town has been appointing a Town Attorney were not adopted in precisely the manner they should have been. To do things in a proper manner, the office of Town Attorney should be created first and then a person appointed. However, it is clear from all the records — and the town, through the special counsel, concedes — that petitioner, over the years that he was recognized and appointed, did hold the office of Town Attorney pursuant to Town Law § 20 (2) (a).
Respondents make much of the fact that the office of Town Attorney is a permissive office under the statute and rely heavily on the cases of Matter of Sullivan v Taylor (279 NY 364) and Matter of Dawson v Knox (231 App Div 490).
It is true that Matter of Dawson v Knox (supra) held that a *70 County Attorney was not a public officer within the meaning of Public Officers Law § 5. However, as petitioner points out, the Court of Appeals in Thompson v Hofstatter (265 NY 54) implicitly overruled Matter of Dawson v Knox (supra).
A learned dissertation on the effect that Thompson v Hofstatter (supra) had on Matter of Dawson v Knox (supra) is contained in the opinion of Justice Matthew J. Jasen in Matter of Des Pres v Niagara County Bd. of Supervisors (37 Misc 2d 1087, 1088-1090).
It is now apparent that a County Attorney is a public officer within the meaning of Public Officers Law § 5 and that, if no successor is appointed, he holds over until one is so appointed and qualifies for the office.
What, then, would make a Town Attorney different? The County Law mandates that there be a County Attorney (see, County Law §§ 500, 400 [4]). This court can find no similar provisions in the Town Law which mandate that a town board either create the office of Town Attorney under Town Law § 20 (2) (a) or employ an attorney pursuant to Town Law § 20 (2) (b). However, this court is constrained to hold that despite the fact that there is no mandate to have a Town Attorney, in an instance in which a Town Attorney has been appointed to the office of Town Attorney and there has been no successor appointed, the Town Attorney is a public officer within the meaning of Public Officers Law § 5 and holds over.
To support the court’s conclusion, reference is made to D’Ambrosio v Reile (106 AD2d 856), wherein the court held that a Village Attorney was a holdover under Public Officers Law § 5 where the Village Board failed to properly appoint a new Village Attorney. Under the Village Law, the office of Village Attorney is not a mandatory office (see, Village Law § 3-301). Also, in Matter of Rumsey v Crate (22 AD2d 995), it was held that a member of a town zoning board of appeals was not disqualified by the expiration of his term where no successor had been chosen or qualified.
The petition seems in one breath to ask for a judgment in the nature of mandamus and in the next breath to seek a declaratory judgment. The court concludes that it is proper to consider this petition solely as a CPLR article 78 proceeding in the nature of mandamus. A declaratory action is one which is distinguished by the absence of coercive enforcement.
*71 The court will allow a judgment to be entered mandating that the Town Board recognize petitioner as the holdover Town Attorney of the Town of New Scotland, pay him the appropriate salary and cover him under the fringe benefit plans to which he has been heretofore entitled and further mandating that he be allowed to carry out his duties as Town Attorney.