■ In the Matter of COUNTY OF ONTARIO, Appellant, v WESTERN FINGER LAKES SOLID WASTE MANAGEMENT AUTHORITY, Respondent.—Order unanimously affirmed without costs. Memorandum: In this suit seeking an injunction, brought in the form of a CPLR article 78 proceeding, petitioner appeals from an order which dismissed the petition in its entirety. Petitioner contends that the court erred in dismissing the petition on the ground that it was brought in improper form, that dismissal is not warranted on the ground of nonjoinder of necessary parties, that the remainder of the Authority's objections in point of law are without merit, that the petition should be reinstated and evaluated on the merits, and that the petition states valid claims against the Authority. We need not address all of petitioner's contentions because we conclude that the petition fails to state a claim for relief against the Authority.

In seeking to invalidate the Authority's actions in Ontario County, the petition alleges that both past and prospective acts of the Authority are void because it has been and continues to be illegally constituted, and therefore is without jurisdiction and power to act. Petitioner alleges that the Authority is illegally constituted because almost all of its members are or were members of the legislative bodies which appointed them, in violation of the common-law rule that a member of a public body is not eligible to be appointed by that body to an

independent office *(see, Macrum v Hawkins,* 261 NY 193, 201; *Matter of Brenner v Vines,* 35 AD2d 536; *Matter of Valentin v Simon,* 98 Misc 2d 5, 10-15; *Wood v Town of Whitehall,* 120 Misc 124, *affd on opn below* 206 App Div 786). The petition also alleges that the Authority is illegally constituted because almost all of its members continue to hold county offices, thereby violating the common-law rule that no individual may simultaneously hold incompatible public offices *(see, People ex rel. Sulzer v Sohmer,* 211 NY 565, 566; *People ex rel. Kelly v Common Council,* 77 NY 503; *People ex rel. Ryan v Green,* 58 NY 295; *Matter of Smith v Dillon,* 267 App Div 39; *People ex rel. Earwicker v Dillon,* 38 App Div 539; *Town of Ramapo v Watton,* 90 Misc 2d 914; *Matter of Dykeman v Symonds,* 85 Misc 2d 289, *affd* 54 AD2d 159).

A challenge on those grounds to the Authority's makeup does not state a ground for invalidating the acts of the Authority. The cases cited by petitioner furnish no support for its position, as none permits invalidating the past acts or enjoining the future acts of either the challenged office holder or of the body to which he was appointed or elected. In fact, the rule is to the contrary. A presumptively valid but defeasible appointment does not warrant invalidation of the acts of the appointee or the body to which he was appointed. Under the de facto officer doctrine, the acts of one who carries out the functions of a public office under color of authority are generally valid as to third persons and the public, and hence immune from collateral attack, notwithstanding irregularities in the manner in which the officer was appointed *(Sylvia Lake Co. v Northern Ore Co.,* 242 NY 144, 147, *cert denied* 273 US 695; *Matter of Trounstine v Britt,* 212 NY 421, 436-437; *Matter of Sherrill v O'Brien,* 188 NY 185, 212-215 [Cullen, Ch. J., concurring]; *Curtin v Barton,* 139 NY 505, 511-512; *Morris v Cahill,* 96 AD2d 88, 92-93; *Matter of Anderson v Krupsak,* 51 AD2d 229, 235, *revd on other grounds* 40 NY2d 397; *Ahern v McNab,* 7 AD2d 546, 549; *see, Matter of Morgenthau v Cooke,* 56 NY2d 24, 37; *cf.,* Public Officers Law § 15; *see generally,* 19 NY Jur 2d, Civil Servants and Other Public Officers and Employees, §§ 249-258). The de facto officer doctrine is founded upon reasons of policy and necessity; it protects the interests and reasonable expectations of the public, which must rely on the presumptively valid acts of public officials *(Sylvia Lake Co. v Northern Ore Co., supra,* at 147). Thus, Ontario County may not attack the qualifications of the Authority members in a collateral proceeding brought to invalidate or enjoin their actions. (Appeal from order of Supreme Court, Ontario

County, Fritsch, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.