James A.P. McCarthy, Esq. Informal Opinion Enlarged City School No. 96-2 District of Troy 120 State Street Albany, N Y 12207-2829
Dear Mr. McCarthy:
You have asked whether a person may serve as corporation counsel of the City of Troy while also holding the position of member of the board of education of the Troy City School District.
You have indicated that the City of Troy has a population of fewer than 125,000 people and that the district is, therefore, an enlarged city school district. Article 51 of the Education Law governs school districts of each city which according to the last Federal census has fewer than 125,000 inhabitants. Education Law § 2501. In such a school district, no person "shall hold at the same time the office of member of the board of education and any city office other than as a policeman or fireman". Id., § 2502(7). If the position of corporation counsel of the City of Troy is a public office, simultaneous service on the Troy School District's Board of Education and as corporation counsel of the City of Troy would violate section 2502(7).
In a recent opinion of this office, we set forth the standards for determining whether a position is an office rather than a position of employment.
 A determination as to whether an appointee is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of the job make him an officer rather than an employee. The distinction between a public office and public employment is not always clear. Matterof Dawson v. Knox, 231 App. Div. 490, 492 (3d Dept 1931). The duties of a public official involve some exercise of sovereign powers while those of a public employee do not. Ibid.; Matter of Haller v. Carlson,42 A.D.2d 829 (4th Dept 1973). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer. Matter of MacDonald v. Ordway, 219 N.Y. 328,332 (1916); Matter of Haller v. Carlson, supra, p 830. Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or official seal. Macrum v. Hawkins, 261 N.Y. 193, 200-201
(1933). A public office is created by statute or local law and its powers and duties are prescribed by statute or local law. Matter of Lake v. Binghamton HousingAuthority, 130 A.D.2d 913, 914 (3d Dept 1987); Matter ofCounty of Suffolk v. State of New York, 138 A.D.2d 815,816 (3d Dept 1988), affd, 73 N.Y.2d 838 (1989).
. . .
 It is clear that while there are several indicia of status as a public officer, one qualifies as a public officer by exercising a portion of the sovereign powers of government.
Op Atty Gen (Inf) No. 95-40.
While there is a lack of uniformity in judicial decisions as to whether municipal attorneys are public officers, in our view, a municipal attorney who is the head of the municipality's law department, serves as the chief legal officer of the municipality, and is responsible for offering advice to municipal officials and defending and commencing actions on behalf of the municipality is a public officer.
A town attorney is a public officer (Riester v. Reilly, 138 Misc.2d 68
[Sup Ct Albany Co 1988]). A village attorney was found not to be a public officer (Fisher v. City of Mechanicville, 225 N.Y. 210 [1919]), but in a later decision was determined to have this status (D'Ambrosio v. Reile,106 A.D.2d 856 [4th Dept 1984]). In Fisher, however, the Court of Appeals based its determination upon the act incorporating the village which listed village officers and did not name the village attorney; did not require that the village attorney take an oath; and did not specify the duties that the village attorney was to perform. The Court found that legal services were being provided to the village by contract for a period of one year for a fixed sum.
In Matter of Dawson v. Knox, 231 App. Div. 490 (3d Dept 1931), affdwithout opinion, 267 N.Y. 565 (1935), the Court determined that the county attorney is not a public officer. In another decision, however, the Court of Appeals held that the county attorney does have public officer status. Thompson v. Hofstatter, 265 N.Y. 54 (1934). WhileHofstatterwas decided after the Appellate Division decision in Dawson v.Knox, it was handed down prior to the Court of Appeals affirmance ofDawson. However, the County Law had been amended when Hofstatterwas decided and the Court of Appeals in Hofstatterspecifically criticized the Appellate Division's decision in Dawson, stating that the holding in that case that the county attorney is an employee and not an officer "does not meet with our approval". In finding that the county attorney is a public officer, the opinion in Matter of DesPres v. Niagara County Supervisors,37 Misc.2d 1087 (Sup Ct Niagara Co 1963), referred to these factors in stating that the affirmance by the Court of Appeals in the Dawsoncase did not indicate a reversal of its opinion in Hofstatter. DesPres, supra, p 1089.
In Senecal v. City of Cohoes, 27 A.D.2d 773 (3d Dept 1967), the Court found that the corporation counsel was not a public officer but based this determination on a review of the city charter, which revealed that the counsel was neither appointed nor elected to office but was rather retained in his professional capacity. In Rappel v. Roberts, 79 Misc.2d 201
(Sup Ct Nassau Co 1973), the court found that the position of corporation counsel is not a public office because it is not vested with sovereign powers of government. The primary cases cited, however, in support of this finding, were Dawson, Fisher, and Cohoeswhich were decided on particular facts.
The State Legislature presumed that the position of city attorney of the City of Salamanca is a public office in creating an exception to the residency requirement under section 3 of the Public Officers Law for that position. Public Officers Law § 3(11). This office had concluded in a prior opinion that the corporation counsel is a public officer. 1975 Op Atty Gen (Inf) 141.
You have informed us that the corporation counsel of the City of Troy is the head of the Office of the Attorney General. He or she is appointed by the mayor, subject to confirmation by the city council and serves at the pleasure of the mayor. To qualify he must have at least five years experience in the practice of law prior to his appointment. He acts as the legal advisor to the city council and to the mayor and appears for and protects the rights and interests of the city in all actions, suits or proceedings brought by or against it or against any city officer, department, board or commission in connection with municipal business.
In our view, the corporation counsel of the City of Troy is a public officer. He is the head of a municipal department. Additionally, he serves as the chief legal officer of the municipality. Therefore, we conclude that simultaneous service as corporation counsel and as a member of the Troy City Board of Education would violate section 2502(7) of the Education Law.
You also have asked whether the membership of the corporation counsel on the board of education would jeopardize votes taken by the board in the event they are later challenged. A presumptively valid but defeasible appointment does not warrant invalidation of the acts of the appointee or the body to which he was appointed. Ontario v. Western Finger Lakes SolidWaste Management Authority, 167 A.D.2d 848 (4th Dept 1990).
 Under the de facto officer doctrine, the acts of one who carries out the functions of a public office under color of authority are generally valid as to third persons and the public, and hence immune from collateral attack, notwithstanding irregularities in the manner in which the officer was appointed.
Id., p 849. The de facto officer doctrine is founded upon reasons of policy and necessity, in that it protects the interests and reasonable expectations of the public which must rely on the presumptively valid acts of public officials. Id.
We conclude that a person may not simultaneously serve as the corporation counsel of the City of Troy and as a member of the board of education of the Troy City School District.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions