Albert R. Trezza Informal Opinion Town Attorney No. 2005-17 Town of Red Hook 7340 South Broadway Red Hook, New York 12571
Dear Mr. Trezza:
You have requested an opinion regarding whether one person may simultaneously serve on the town Zoning Board of Appeals ("ZBA") and as the ZBA's secretary. You have explained that the members of the ZBA are appointed by the Town Board and are not compensated. You have also stated that the members of the ZBA annually select the secretary to the ZBA, who receives compensation in an amount determined by the Town Board. You have described the duties of the ZBA secretary and have stated that the day-to-day oversight of her performance as secretary is by the ZBA chairperson, an individual designated by the Town Board pursuant to Town Law § 267(2).
You have explained that the individual currently serving on the town ZBA and serving as its secretary was initially selected by the ZBA as its secretary in 1987. Subsequently, the Town Board appointed her a member of the ZBA. She has continued to serve in both positions since 1989, having been selected by the ZBA as its secretary each year.
We are of the opinion that the same person may not serve as a member of the ZBA and as secretary to the ZBA under the circumstances you have described. In the absence of statutory authority to do so, the appointment by the ZBA of one of its members to another position violates the established rule enunciated in Wood v. Town of Whitehall, 120 Misc. 124 (S. Ct.),aff'd, 206 App. Div. 786 (3d Dep't 1923); see also Macrum v.Hawkins, 261 N.Y. 193, 201-02 (1933). In Wood, the court held that the appointment by the town board of one of its members to the position of police justice violated public policy. Id. at 130. The court gave two reasons for this conclusion: first, that the appointment by a board of one of its members necessarily creates the appearance that the board has not acted impartially,
We have applied this principle in previous opinions to conclude, for example, that a county legislature may not appoint one of its members to the county planning commission, Op. Att'y Gen. (Inf.) No. 99-38; that a town recreation commission may not appoint one of its members to a position of employment as assistant to the recreation superintendent, Op. Att'y Gen. (Inf.) No. 83-38; and that a town board may not appoint one of its members to part-time employment to maintain a town park, Op. Att'y Gen. (Inf.) No. 81-51.
While the individual currently serving in both positions initially served as secretary to the ZBA and was subsequently appointed to the ZBA, pursuant to your local law she was selected each year as secretary to the ZBA by the ZBA. We are not aware of a provision of state law that would authorize the appointment by the ZBA of one of its members to a second position. See Town Law § 267; cf. Town Law § 64(5) (town board member may resign membership on town board and subsequently be appointed by town board to fill vacancy in any town office). Consequently, each annual appointment to the position of ZBA secretary by the ZBA of which she was a member contravened the principle enunciated inWood.[1] We therefore conclude that her simultaneous holding of the positions of ZBA member and secretary to the ZBA is improper. In light of this conclusion, we need not consider whether the positions are otherwise compatible.
We have previously concluded that a local legislative body may overcome the common law principle set forth in Wood by enacting a local law upon its finding, based on local conditions, that the public interest would be served. Op. Att'y Gen. (Inf.) No. 87-47. We have opined that such a local law may serve the public interest, for example, in a small municipality without sufficient residents willing to serve in specific positions or who possess the necessary expertise. Op. Att'y Gen. (Inf.) No. 94-2; Op. Att'y Gen. (Inf.) No. 91-14. We note, however, that the Town Board may authorize the ZBA to "call upon any department, agency or employee of the town for such assistance as shall be deemed necessary," Town Law § 267-a(3), and that you have characterized the duties of the ZBA secretary as "the usual duties involved in most secretarial positions." It therefore appears unlikely that a local law permitting this individual to serve both as ZBA member and as secretary to the ZBA could be deemed to serve the public interest.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General In Charge of Opinions
[1] With respect to the past actions of the individual holding both positions, we note that under the de facto officer doctrine, the acts of one who carries out the functions of public office under color of authority are generally valid as to third parties and the public, and thus are immune from collateral attack, notwithstanding irregularities in the manner of appointment. Ontario v. Western Finger Lakes Solid Waste Mgmt. Authority, 167 A.D.2d 848, 849 (4th Dep't 1990). id. at 125, and second, that the appointment of one of its members is in effect the same as the board appointing itself to the position, an undesirable result, id. at 126.