OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be reversed, without costs, and the petition dismissed against respondent Agency.
Petitioner’s probationary period commenced on the date he was appointed a permanent employee, February 7, 1985, not the date he passed the qualifying examination, December 18, 1984 (Civil Service Law § 61). Accordingly, petitioner was not entitled to the protection of the provisions of Civil Service *726 Law § 75 until one year from the February date, adjusted for absences (see, 4 NYCRR 4.5 [f]), and the Agency was entitled to remove him, as it did, without formal charges or hearing.
In holding that the December date controlled, the Appellate Division relied on our decision in Matter of Montero v Lum (68 NY2d 253). In that case, the petitioner contended that the one-year period should be measured from the date of his temporary appointment. We rejected that contention, holding that the one-year period could not commence until the applicant became eligible for permanent appointment, which could only occur after successful completion of the qualifying examination. Coincidentally, the date of petitioner Montero’s permanent appointment and the examination date were the same and so we spoke of the date of the examination to distinguish it from the date of the temporary appointment. Our decision in Montero did not change the statutorily fixed rule that the date of permanent appointment controls for purposes of measuring the probationary period.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Judgment appealed from and order of the Appellate Division brought up for review, reversed, etc.