■ In the Matter of STANLEY HILL, as Executive Director of District Council 37, AFSCME, AFL-CIO, et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Israel Rubin, J.), entered on or about September 20, 1988, which granted the CPLR article 78 petition to the extent of directing respondents to reinstate the individual petitioners to permanent civil service job titles, and which declared that the probationary

period of an employee who is serving in the same competitive civil service title subsequent to the publication of an eligible list as the title to which he or she has been or will be appointed shall be measured as commencing on the date of publication of the applicable civil service lists, unanimously reversed, on the law, and the petition denied and the proceeding dismissed, without costs.

This article 78 proceeding concerns the measurement of the probationary period of New York City civil service employees who are appointed, on a permanent basis, to the same competitive titles in which they had been serving, in some cases for many years, on a provisional basis. The petition was brought on behalf of both a municipal employee union, seeking a declaration of its employees' rights in general, and also by four individual petitioners who had been terminated from their jobs without the statutory and constitutional due process rights afforded tenured, permanent employees, even though these petitioners had worked in the same titles in provisional and permanent probationary classifications for many years. In terminating these workers, the city contended that their one-year probationary period commenced on the date of their official appointment to permanent classification, and that since the petitioners were terminated within one year from that date, the firings were lawful.

The IAS court granted the petition to the extent of declaring that the one-year probationary period for an employee already serving in a provisional capacity commences on the date the results of the applicable civil service examination are published qualifying the employee for permanent employment, relying in the main on this court's decision in *Matter of Reis v New York State Hous. Fin. Agency* (133 AD2d 316), which held, in a case brought by an individual employee in a State agency, terminated under circumstances similar to the instant petitioners, that the probationary period should run from such a time, and not from the date of formal appointment.

Subsequently, the Court of Appeals reversed *Reis* (74 NY2d 724) and squarely determined that the date of a civil service employee's formal appointment to permanent status controls for the purpose of measurement of the probationary period.

On this appeal, the petitioners' attempts to distinguish this case from *Reis (supra)* are unpersuasive. Accordingly, based on the controlling precedent of the Court of Appeals decision in *Reis,* the order and judgment in this case must be reversed. Concur—Carro, J. P., Milonas, Asch and Ellerin, JJ.