◼ In the Matter of GEORGE ATKINSON, Respondent, v ED-WARD KOCH, as Mayor of the City of New York, et al., Appellants.—Order, Supreme Court, New York County (David Saxe, J.), entered on February 24, 1988, as amended by an order of the same court entered on March 11, 1988, which granted petitioner's CPLR article 78 petition, held that his probationary period as a city employee expired on February 1, 1985, and ordered petitioner restored to his civil service position with back pay and benefits, and denied so much of the petition as demanded that petitioner be awarded additional compensatory and punitive damages, unanimously reversed, on the law, to the extent appealed from, and the petition dismissed, without costs.

The IAS court determined that petitioner's probationary period commenced from the date on which the revised eligibility list for his position as a highway repairman was first promulgated and made available to respondents, citing our decision in Matter of Reis v New York State Hous. Fin. Agency (133 AD2d 316). As a consequence, IAS concluded that petitioner was illegally discharged from his job after the expira-

tion of his one-year probationary period. Subsequent to the IAS order, the Court of Appeals reversed our determination in *Reis* (74 NY2d 724), and held that a civil service employee's probationary period commenced only on the date he was appointed as a permanent employee. Giving full effect, as we must, to this ruling, the result follows here that petitioner was discharged two days before his one-year probationary period expired, and that respondents were entitled to terminate him, as they did, without formal charges or a hearing.

We reach this result without in any way approving the procedure adopted in this case of maintaining petitioner as a provisional employee of the Department of Transportation for approximately seven years. On oral argument we were assured by the Assistant Corporation Counsel that the policy of the new city administration will be to curb, if not to eliminate, this demoralizing practice.

Be that as it may, petitioner's extended provisional service is of no aid to him in this case. "[I]t is because of the inviolate constitutional mandate that we cannot by judicial fiat convert what was necessarily a temporary appointment into a permanent one * * *. It is well settled that even an unlawfully extended period of temporary service cannot ripen into a permanent appointment" *(Matter of Montero v Lum,* 68 NY2d 253, 259).

To the same effect is *Matter of Haynes v County of Chautauqua* (55 NY2d 814, 816-817): "Whatever appeal the argument that such a continuation by itself should transform a provisional appointment to a permanent one has, the fact remains that the Legislature has refrained from so providing. Absent such action by the Legislature, retention of a provisional employee beyond nine months, although proscribed by subdivision 2 of section 65 [of the Civil Service Law], does not, without more, ripen into a permanent appointment". *(See also, Matter of Becker v New York State Civ. Serv. Commn.,* 61 NY2d 252.)

We reject petitioner's contention that his termination was either in bad faith or arbitrary and capricious. While petitioner, both in the course of his provisional and probationary employment, had received some satisfactory ratings, there was weighty evidence of substandard performance in both these time periods including inability to function adequately either in supervised or unsupervised assignments or effectively to perform as a team member of a work force. That damaging evidence demonstrates a rational basis for discharge, which in

any event is the limit of our inquiry *(Matter of Bonney v Dilworth,* 99 AD2d 468).

We have examined petitioner's other contentions and find them without merit. Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.