■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE EDWARDS, Appellant. [722 NYS2d 160] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered July 29, 1999, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 7 years, respectively, unanimously affirmed.

The overall effect of the prosecutor's summation was within the range of acceptability (see, People v D'Alessandro, 184 AD2d 114, 118-119, lv denied 81 NY2d 884). For the most part, the remarks challenged by defendant on appeal were fair responses to defense counsel's arguments and were not misleading (see, People v Overlee, 236 AD2d 133, lv denied 91 NY2d 976). Were we to find any error, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt. Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.

■ In the Matter of CLINT BYNOE, Appellant, v CITY OF NEW YORK et al., Respondents. [722 NYS2d 517] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 2, 2000, which denied petitioner's application to annul respondent's determination terminating petitioner's provisional employment, unanimously affirmed, without costs.

Petitioner's evidence that over the course of his year-and-a half provisional employment he received only one performance evaluation six months after his appointment, which was favorable, does not satisfy his burden of showing that his termination was in bad faith or arbitrary and capricious (see, Matter of Romero v Joseph, 169 AD2d 544). There is evidence of petitioner's substandard performance as well (see, Matter of Atkinson v Koch, 161 AD2d 152, 153-154), and no evidence that respondent was required to give him periodic performance evaluations. Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.