■ In the Matter of WAYNE EASLING, Appellant, v ODESSA-MONTOUR CENTRAL SCHOOL DISTRICT, Respondent. [782 NYS2d 144]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered October 15, 2003 in Schuyler County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to reinstate him to his position with back pay.

Petitioner worked for respondent as a maintenance mechanic from September 1992 until he was laid off in June 2002. He filed a grievance to enforce his civil service bumping rights and, in settlement of the grievance, was offered the lower level position of cleaner. Although he began performing the duties of this position on August 26, 2002, the stipulation settling the grievance and appointing him to this position was not signed until September 30, 2002. Under the terms of the stipulation, he was required to serve a 26-week probationary period. Petitioner was summarily terminated on March 28, 2003 without formal charges or a hearing. He commenced this CPLR article 78 proceeding seeking reinstatement to his position, contending that he was discharged outside his probationary period and was, therefore, entitled to the protections of Civil Service Law § 75. Supreme Court agreed with respondent, however, that petitioner's probationary period did not end until March 31, 2003, and dismissed the petition, resulting in this appeal.

We affirm. The dispositive issue in this case is when petitioner's probationary period commenced. Petitioner asserts that it commenced on August 26, 2002, the date he began performing the duties of cleaner, while respondent contends that the rele-

vant date is September 30, 2002, when the parties signed the stipulation formalizing petitioner's appointment to the position of cleaner. In *Matter of Reis v New York State Hous. Fin. Agency* (74 NY2d 724, 726 [1989]), the Court of Appeals held that, for purposes of determining when an employee's probationary period commences, the controlling date is the date of the employee's formal appointment to permanent status (*see also Matter of Atkinson v Koch*, 161 AD2d 152, 153 [1990]; *Matter of Hill v City of New York*, 160 AD2d 528, 529 [1990]). We see no reason to depart from the rule here. Contrary to petitioner's claim, the fact that he was not serving in a provisional or temporary capacity prior to his formal appointment by stipulation is not a meaningful factor distinguishing this case from *Matter of Reis v New York State Hous. Fin. Agency (supra)*. Consequently, we cannot say that Supreme Court erred in choosing September 30, 2002 as the commencement date for the probationary period and concluding that petitioner had been discharged during such period, making him ineligible for the protections of Civil Service Law § 75.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.