The judgment and order appealed from are right, and must be affirmed, with costs. All concur.

========

(75 App. Div. 87.)

## In re COLLINS et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. VILLAGE—INCORPORATION—REGULARITY OF PROCEEDINGS.
    A proposition for the incorporation of a village as required by Laws 1897, c. 414, § 3, was delivered to the supervisor of the town in which the proposed village was situated, and, after due notice of hearing thereon, he decided sustaining the proposition, and no appeal was taken. Held, that all the proceedings for such incorporation up to that point must be held to have been regularly taken.

2. TOWN CLERK—OFFICER DE FACTO.
    A town clerk shortly before the expiration of his term moved into another town, but continued to keep his office open in the former town, and acted and was recognized by all the other officials and inhabitants of the town as the clerk during the remainder of his term. Held, that though, as expressly provided in Laws 1892, c. 681, § 20, he ceased to be clerk de jure, he was de facto clerk after such removal, and his official acts as such were valid.
    Fursman, J., dissenting.

Appeal from Schenectady county court.

Proceeding to incorporate the village of Scotia, in the town of Glenville, county of Schenectady. James Collins and another appealed from a certificate of election on the question of the incorporation. From a judgment sustaining the election, they appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

S. W. Jackson, for appellants.
Charles P. Sanders, for respondents.

PER CURIAM. Proceedings were instituted to incorporate a village in the town of Glenville, county of Schenectady, under the provisions of chapter 414 of the Laws of 1897. The proposition required by section 3 was delivered to the supervisor of such town, notice of a hearing before him was given, a decision made by him thereon,

and no appeal taken therefrom. Such decision sustained the proposition, and, no appeal having been taken, we are of the opinion that all steps in the proceedings up to this point must be held to have been well and regularly taken. Subsequently, and on December 17, 1901, a notice of election to determine the question of incorporation upon such proposition was signed and posted by one Frank Weaver, as clerk of such town of Glenville, in the manner provided by section 10 of such act. Under this notice an election was held on January 4, 1902, and the supervisor and one Hoyt, who entered upon the duties of clerk of such town on January 1, 1902, acted as inspectors of such election; and they made, and on January 6th filed, a certificate of such election, as required by section 14 of the act, from which it appeared that a majority of the votes cast was in favor of such incorporation. An appeal was then taken therefrom by these appellants to the county court of said county. A hearing was had before that court upon such appeal, pursuant to the provisions of section 17, and the election was there sustained. From that decision this appeal is taken.

It appeared upon the hearing so had in the county court that said Weaver was elected clerk of the town of Glenville in November, 1900, for the term of two years. On November 8, 1901, he moved with his family into the town of Colonie, in the county of Albany, and engaged in the hotel business there. It seems to be beyond doubt that he at such time became a resident of the town of Colonie, in the county of Albany. He did, however, continue to perform all the duties of the office of town clerk from the time of such removal up to January 1, 1902. He kept the office open at the place where it had previously been kept. No other person during that period was chosen to succeed him, and he in all respects performed the duties and drew the pay of such clerk up to that date. The appellants claim that by such change of residence the office of town clerk became vacant, under the provisions of section 20, c. 681, Laws 1892, known as the "Public Officers Law," and that Weaver ceased to be town clerk before he published the notice of such election; that such notice was therefore of no force or effect; that the election was held without any lawful notice, and was therefore irregular and void. The respondents claim that Weaver was at the time town clerk de facto, if not de jure, and therefore the notice of election was well signed and published by the clerk of the town. Such is the question presented upon this appeal.

The statute is explicit that the office of clerk for the town of Glenville became vacant when Weaver ceased to be an inhabitant of such town. Upon his removal he became ineligible to hold the office, and it seems clear that he could no longer be deemed a de jure clerk of that town. But although he became a nonresident of such town, his new residence continued so near to the old one that he was able to, and actually did, keep the town clerk's office open in the same place where he had kept it up to November 8, 1901, and attended a sufficient time to perform all its duties. It appears that people generally did not know of his change of residence, and even the supervisor of the town was ignorant of it. As a matter of fact, it

seems to be a clear case where one was in possession of the office under an existing appearance of right, which has misled the whole community. He acted as a member of the board of town audit, and kept its minutes, certified to the town audits, swore in some of the town officers, filed their bonds, and generally performed all the duties of that office, was recognized by the town board and supervisor as such clerk, and at the end of the year was paid for his services as such. Concededly, he entered into the possession of such office not only under color of, but actually of, right, and apparently he held it under the same right. Certainly he continued to occupy it without dispute, and with the general acquiescence of all the officers of the town upon whom the duty had devolved of appointing his successor. We do not find that, since the amendment of section 12 of the town law by chapter 481 of the Laws of 1897, there is any provision of law that an officer shall hold over after such a vacancy occurs, until his successor is appointed; but we are of the opinion that, under the peculiar circumstances of this case, it must be considered that Weaver, during the interval of his removal from the town of Glenville and January 1, 1902, was so far de facto clerk of such town as to validate his acts as such, and that therefore the notice of election above referred to was not invalid. We are not unmindful of the rule as laid down in People v. Common Council of City of Brooklyn, 77 N. Y. 503, 33 Am. Rep. 659; but, while the conclusions which the learned counsel for the appellants would deduce are sustained by the clear logic of that case, we are of the opinion that it does not extend to and control the peculiar circumstances of this case.

The decision appealed from should be affirmed, without costs to either party. All concur, except FURSMAN, J., who dissents.