## SECOND DEPARTMENT, OCTOBER, 1974

## (October 1, 1974)

In the Matter of RICHARD KESSEL, Respondent, v. ISABEL DODD et al., Constituting the Board of Elections of the County of Nassau, et al., Respondents, and NORMAN J. LEVY et al., Appellants.— In a proceeding to compel cancellation of an alleged designation by the executive committee of the Nassau County Conservative Party of appellant Levy as the candidate of said party in the general election to be held on November 5, 1974 for the public office of State Senator for the Eighth Senatorial District, the appeal is from a judgment of the Supreme Court, Nassau County, entered August 14, 1974, which granted the petition. Judgment reversed, on the law, without costs, and petition dismissed. Norman J. Levy, the Republican Party candidate for State Senator from the Eighth Senatorial District, was designated as the candidate of the Conservative Party in the 1974 election based upon the filing with the appellant Board of Elections of designating petitions signed by 375 voters (12.3% of those eligible) and an authorization, required by section 137 of the Election Law, from the Conservative Party for Levy to be its candidate on its ballot line. The authorization was granted by unanimous vote of those present at a June 20, 1974 meeting of the executive committee of the Nassau County Committee of the Conservative Party. Petitioner, Richard Kessel, the Democratic Party candidate for the same office, challenges the designation on the ground that the authorization by the executive committee was invalid, because a quorum was not present at the June 20, 1974 meeting. If petitioner is correct there will be no name appearing on the Conservative Party ballot line for the office of State Senator for the Eighth Senatorial District. The rules and regulations of the Nassau County Conservative Party provide, *inter alia*, as follows: 1. The executive committee shall have 20 members, consisting of the chairman of the county committee, the executive vice-chairman, "all remaining Vice Chairman" (three), the secretary, the treasurer, the immediate past county chairman, and the "duly elected Assembly District Leaders" (12 assembly districts); 2. A quorum of the executive committee is stated to consist of "a simple majority, namely 50% + 1"; and 3. "A member of the Executive Committee who is

absent from four (4) consecutive duly convoked meetings of said Committee shall be conclusively presumed to have resigned from his position, unless excuses as said member may offer for such absences are accepted as valid by two-thirds (⅔) of the members of the Executive Committee ". The June 20, 1974 meeting was attended by 13 persons; three of them, Josephine Nunnenkamp, Barbara Schneider and Austin Verity, are challenged by petitioner as not being proper members of the executive committee; it is claimed that the unchallenged membership of 10 is one short of a quorum and that the executive committee's attempted authorization was therefore invalid and may be attacked by petitioner. Petitioner asserts that Nunnenkamp was not a validly elected member of the executive committee, because on October 18, 1972, when she was elected to fill a vacancy in the office of vice-chairman, only 10 members of the executive committee were present, one short of a quorum. Further, on December 13, 1972, when Schneider was elected to fill a vacancy in the office of secretary, 11 members were present, but that number included Nunnenkamp and therefore (asserts petitioner) only 10 legally authorized members were present, again one short of a quorum. The challenge to Verity, the immediate past county chairman, is based on the fact that prior to December, 1973 he tendered his resignation from the executive committee and (although he attended and acted as an executive committee member subsequent to March, 1974) failed to attend four consecutive meetings between the fall of 1973 and March of 1974. Appellants counter by arguing, inter alia, that petitioner cannot in this proceeding collaterally attack the validity of the election to the executive committee of Schneider and Nunnenkamp or the qualifications of Verity; that Verity's resignation was not accepted; that the three challenged members are at the least de facto members of the executive committee; and that, assuming Verity's qualifications could be properly challenged, since his position as immediate past county chairman cannot be filled the total membership is necessarily decreased to 19, so that 10 would constitute a quorum. The doctrine of de facto officers is of ancient origin and applies to private as well as public officers (2 Fletcher Cyclopedia Corporations [Perm. ed.], §§ 372, 373; 12 N. Y. Jur., Corporations, §§ 547–549). Our attention has been called to no case excepting political organizations from this doctrine. Indeed the doctrine was applied to the officers and members of the executive committee of the New York County Committee of the American Labor Party in Matter of Greenberg v. Cohen (173 Misc. 372, 375, affd. 258 App. Div. 1039). The executive committee unquestionably had the authority to authorize Levy to be the Conservative Party candidate for State Senator; such authority was granted at a meeting at which at least a requisite 11 were present. The three challenged members all possessed color of title; they performed the duties of their respective offices without challenge or dissent by any member of the Conservative Party. As far as third parties such as petitioner are concerned, these three, no less than the others, were valid members of the executive committee. To invalidate a permitted action of a 1974 executive committee because of alleged defects in an election of a member in 1972 or the nuances of an alleged unaccepted resignation in 1973 would be directly contrary to the de facto doctrine; it would contravene the purpose of Statute of Limitations; it would encourage strangers to an organization to search into matters many years past and with which they have no proper concern; and it would encourage litigation whose purpose would be against that of the organization itself. Section 330 of the Election Law vests the Supreme Court with jurisdiction " to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally ". We do not believe that a liberal construction requires

us to newly create an exception to the *de facto* doctrine which will result in a void on a political party's ballot line for public office. We further note that, assuming validity to petitioner's contention that Verity's position as a member of the committee terminated by resignation, the executive committee was necessarily reduced to 19, since in no way could his position as past county chairman have been filled until the present county chairman's term ended (cf. *Matter of Baker* v. *Jensen*, 30 A D 2d 969, affd. 22 N Y 2d 959). Thus a meeting of 10 constituted a quorum. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.