■ THE PEOPLE OF THE STATE OF NEW YORK v RAY REYES.— Application by defendant, *pro se,* for a writ of error coram nobis pursuant to *People v Bachert* (69 NY2d 593) on grounds of ineffective assistance of assigned appellate counsel, unanimously granted, to the extent of permitting defendant to file a brief on the issue of whether the prosecution's exercise of peremptory challenges to remove all Hispanic veniremen comports with the constitutional standards set forth in *Batson v Kentucky* (476 US 79) and made retroactively applicable hereto under *Griffith v Kentucky* (479 US 314), said filing to occur no later than the October 1989 Term, and the order of this court affirming the judgment of conviction *(People v Reyes,* 131 AD2d 982) is vacated, and determination of defendant's entire appeal held in abeyance pending further review and order of this court.

On June 9, 1987, this court heard defendant's appeal from a judgment of the Supreme Court, New York County (Eve Preminger, J.), rendered March 21, 1985, which, after a jury trial, convicted defendant of criminal sale of a controlled substance in the first degree (Penal Law § 220.43) and criminal possession of a controlled substance in the first degree (Penal Law § 220.21), and sentenced him to two concurrent indeterminate terms of imprisonment of from 15 years to life. The judgment was unanimously affirmed by this court on June 23, 1987, and leave to appeal to the Court of Appeals was denied on October 1, 1987 [70 NY2d 803].

On April 30, 1986, a date subsequent to the trial but prior to both the November 25, 1986 filing of appellant's brief and

the June 9, 1987 appellate argument, the United States Supreme Court issued its decision in *Batson v Kentucky (supra)*, which held that the Equal Protection Clause of the Fourteenth Amendment forbids prosecutorial exercise of peremptory challenges to exclude potential jurors solely on the basis of race or on the assumption that they could not impartially determine the State's case against a defendant of the same race. It is appellate counsel's failure to raise a *Batson* claim on appeal which forms the basis of the within *pro se* writ of error coram nobis by defendant.

In the transcripts of the trial proceedings is contained the following application by trial counsel: "My second motion is for a mistrial on the grounds that [the prosecutor] deliberately and knowingly excluded Hispanics from the jury panel and as a matter of fact during the challenges there was one individual with an Italian name [and the prosecutor] left him on and then became very, very concerned about the fact because he thought he might be Hispanic but it was too late to knock him off."

Inasmuch as this assertion of prosecutorial exercise of racially motivated peremptory challenges appears on the record and, indeed, was not challenged or otherwise answered by the prosecutor, defendant argues, and we agree, that the record was sufficient to alert appellate counsel of the existence of a *Batson* issue and to, at minimum, warrant further investigation on that question. Had counsel, for example, ordered the minutes of the colloquy among trial counsel and the court during voir dire, which was the only portion of the voir dire proceedings recorded, he would have obtained the following additional information on this issue:

"[Defense Counsel]: [The prosecutor] challenged the only Hispanic on the panel.

"[Prosecutor]: I would indicate that the People have a right to exercise peremptory challenges as they desire. * * *

"[Defense Counsel]: Let the record reflect [the prosecutor] again excluded all the Hispanics who were on the next panel."

In light of the fact that the use of peremptory challenges by the prosecutor to systematically exclude Hispanics from the jury for discriminatory purposes would, if established, warrant a reversal and a new trial *(Batson v Kentucky, supra; see, People v Scott,* 70 NY2d 420; *People v Hockett,* 128 AD2d 393), we find appellate counsel's omission of argument in this regard sufficient ground to constitute ineffective assistance with respect thereto. *(Cf., People v de la Hoz,* 131 AD2d 154.)

Accordingly, the writ of error coram nobis is granted, the order of this court affirming the judgment of conviction vacated, and defendant is permitted to develop and argue his claim that the prosecutor improperly exercised peremptory challenges to exclude Hispanic persons from the jury. Concur —Ross, J. P., Milonas, Kassal and Smith, JJ.