■ In the Matter of VILLAGE OF NISSEQUOGUE, Respondent, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE, Appellant, and DENNIS McHUGH et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent-appellant Suffolk County Department of Civil Service dated July 10, 1986, which refused to verify that part of

the petitioner's payroll which authorized payment to the respondents Dennis McHugh and Roger Leigh, the appeal is from a judgment of the Supreme Court, Suffolk County (Vaughn, J.), entered October 3, 1989, which annulled the determination.

Ordered that the judgment is reversed, on the law, and the proceeding is dismissed on the merits, with costs.

The record establishes that the respondents McHugh and Leigh were each appointed as an "Acting Police Officer" by resolution of the Village Board of the Village of Nissequogue. As such they do not come within the terms of Civil Service Law § 100 (5), which applies only to those "holding a position in the classified service of a civil service division by appointment or promotion". Insofar as their appointment was temporary or provisional under Civil Service Law § 64, the duration of such temporary or provisional appointment extending over several years was unlawful and contrary to the spirit of NY Constitution, article V, § 6 *(see,* Civil Service Law § 64; *Matter of Montero v Lum,* 68 NY2d 253, 259). In *Matter of Montero v Lum (supra,* at 259), the Court of Appeals said that

"[s]uch stringent limitations are necessary to ensure adherence to the clear constitutional preference for merit selections. * * *

"It is well settled that even an unlawfully extended period of temporary service cannot ripen into a permanent appointment" *(see also, Matter of Reis v New York State Hous. Fin. Agency,* 74 NY2d 724). Therefore, McHugh and Leigh, being temporary employees with unlawfully extended appointments could not come within the terms of Civil Service Law § 100 (5), and the court erred in applying that statute to this case.

We do not find it necessary to pass on the issue of the constitutionality of Civil Service Law § 100 (5) *(see, Matter of Beach v Shanley,* 62 NY2d 241, 254; *People v Felix,* 58 NY2d 156, 161; *see also, Ashwander v Valley Auth.,* 297 US 288, 341-348). Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.