■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY REYES, Appellant.—Appeal from a judgment, Supreme Court, New York County (Eve Preminger, J.), rendered March 21, 1985, which, after a jury trial, convicted defendant of criminal sale of a controlled substance in the first degree (Penal Law § 220.43) and criminal possession of a controlled substance in the first degree (Penal Law § 220.21) and sentenced him to two concurrent indeterminate terms of imprisonment of from 15 years to life, held in abeyance and the matter remanded to the trial court to determine whether a hearing pursuant to *Batson v Kentucky* (476 US 79) is appropriate *(see, People v Scott,* 70 NY2d 420, 426) and, if so, for such a hearing and determination.

By order entered June 6, 1989 *(People v Reyes,* 151 AD2d 262), this court granted defendant's writ of error coram nobis pursuant to *People v Bachert* (69 NY2d 593 [ineffective assistance of assigned appellate counsel]) to the extent of vacating its affirmance of the judgment of conviction *(People v Reyes,* 131 AD2d 982) and holding the appeal in abeyance to permit defendant to file a supplemental brief on the issue of whether the prosecutor's exercise of peremptory challenges to remove all Hispanic veniremen violated the constitutional standards set forth in *Batson v Kentucky (supra),* made applicable hereto in *Griffith v Kentucky* (479 US 314).

The parties have duly briefed the *Batson* issue, and we find that defendant has made a prima facie showing of purposeful racial discrimination. The burden is now upon the prosecutor to come forward with racially neutral explanations for the exercise of the peremptory challenges in question. *(Batson v Kentucky, supra,* at 97-98; *People v Scott, supra,* at 423.)

In concluding that the record before us is sufficient to require a *Batson* hearing, we note that the trial court issued no ruling on the matter and, indeed, indicated its inability to do so at the time that defendant's objections were made. Thus, this case is distinguishable from three other appeals recently decided by this court, *People v Munoz* (153 AD2d 281), its companion case, *People v Sanchez-Medina* (153 AD2d 281) and *People v Linares* (158 AD2d 296) all of which arose from one multidefendant trial, where the trial court made a contemporaneous finding, supported by the record, that the prosecutor

was not engaging in the systematic exclusion of jurors on the basis of race or ethnic background.

As in the *Munoz/Sanchez-Medina* and *Linares* appeals, the case before us raises the additional issue of whether the unadmitted status of the Assistant District Attorney requires reversal. Inasmuch as defendant has failed to establish that he was prejudiced thereby *(see, People v Munoz, supra)*, we reject this claim, although it may be considered, together with any other factors, in the trial court's assessment of whether "an accurate reconstruction of the untranscribed jury selection proceeding and reliable findings" is possible. *(People v Scott, supra,* at 426.) Concur—Ross, J. P., Milonas, Kassal and Smith, JJ.