■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-

Appellant, v SEVERN JACKSON, Appellant-Respondent.—Appeal (1) by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered October 21, 1988, convicting him of robbery in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) by the People from an order of the same court, dated December 6, 1989, which granted the defendant's *pro se* motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the order dated December 6, 1989, is reversed, on the law, the motion is denied, and the judgment of conviction is reinstated; and it is further,

Ordered that the judgment is modified, on the law, by reversing the conviction of robbery in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Although it was improper for Assistant District Attorney Penofsky to have prosecuted this matter, since he was not admitted to the practice of law in this State, the defendant has failed to demonstrate any resulting prejudice. Absent such a showing of prejudice, this procedural irregularity is insufficient to constitute reversible error *(see, People v Reyes,* 161 AD2d 201; *People v Linares,* 158 AD2d 296; *People v Munoz,* 153 AD2d 281, 284-285; *cf., People v Felder,* 47 NY2d 287, 295-296).

However, we agree with the defendant's contention that the evidence, even when viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), was legally insufficient to sustain his conviction for robbery in the second degree. The only evidence presented by the People to support this charge was the complainant's testimony that the defendant grabbed her pocketbook and removed an order of protection therefrom. A trier of fact could not reasonably conclude from the record that the defendant intended to "deprive" the complainant of her property *(see,* Penal Law § 155.00 [3]; *People v Williams,* 147 AD2d 515, 516; *People v Pierre,* 131 AD2d 604; *People v Gentile,* 127 AD2d 686, 687-688). Moreover, the People failed to establish that the complainant suffered from a "physical injury", another necessary element of robbery in the second degree as charged here *(see,* Penal Law § 160.10 [2] [a]). The complainant's testimony, and the hospital records admitted into evidence, merely revealed that she suffered from a bruised eye, with slight swelling and redness, and received medical attention for it. In addition, there was

no indication that the complainant experienced any pain *(see, People v Franklin,* 149 AD2d 617; *People v Holden,* 148 AD2d 635; *People v Goins,* 129 AD2d 733, 734). Therefore, the conviction for that charge must be reversed.

The defendant's remaining contentions are either unpreserved for appellate review or need not be addressed in light of the foregoing analysis. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.