OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Respondents McHugh and Leigh were appointed to the position of "acting police officer” by resolution of the Nissequogue Village Board in November of 1982 and July of 1984, respectively. Neither was appointed from an eligible list. In July of 1989, respondent Suffolk County Department of Civil Service refused to certify the Village payroll insofar as it authorized payment to McHugh and Leigh contending that they were illegally appointed. Petitioner Village then commenced an article 78 proceeding in which the Supreme Court annulled the Department of Civil Service’s determination on the ground that section 100 (5) of the Civil Service Law which provides that appointment should be presumed after three years’ service precluded the Department from withholding certification of the payroll.
 

 The Appellate Division reversed holding that the appointments as "acting police officers” were not "position[s] in the classified service of a civil service division by appointment or promotion” but rather unlawfully extended temporary appointments originally made pursuant to section 64 of the Civil Service Law. We agree: Civil Service Law § 100 (5) applies only to appointments made from an eligible list after successful completion of a civil service examination.
 

 Article V, §6 of the State Constitution requires appointments in the civil service to be made according to merit and
 
 *917
 
 fitness ascertained by competitive examination. This constitutional requirement is restated in section 61 of the Civil Service Law which requires all permanent appointments or promotions to be made from three persons certified as standing highest on an eligible list. Since the position of Village police officer is a competitive class position, a permanent appointment to that position must be from an eligible list. Respondents McHugh and Leigh were not appointed from an eligible list but appointed as "acting police officer” on a temporary basis pursuant to section 64 of the Civil Service Law. Accordingly, their appointments were limited by that statute to a period of three to six months and the extension of the appointments for a period of years was in violation of the Civil Service Law and contrary to the spirit of NY Constitution, article V, § 6
 
 (see,
 
 Civil Service Law §§ 61, 64;
 
 Matter of Montero v Lum,
 
 68 NY2d 253).
 

 McHugh and Leigh maintain that even if their appointments were unlawful, Civil Service Law § 100 (5) applies to them and prevents the Department from refusing to certify the payroll. We have held, however, that an unlawfully extended period of temporary service cannot ripen into a permanent appointment unless the appointee met all the requirements for permanent appointment at the time of the temporary appointment
 
 (see, Matter of Montero v Lum,
 
 68 NY2d 253, 259,
 
 supra; Matter of Board of Educ. v Nyquist,
 
 31 NY2d 468;
 
 Matter of Hilsenrad v Miller,
 
 284 NY 445). Respondents’ interpretation of section 100 (5) is contrary to this well-settled principle.
 

 Furthermore, section 100 (5) of the Civil Service Law, by its own terms, applies only to employees holding a position in the classified service of a civil service division by appointment or promotion who have completed the applicable probationary period. McHugh and Leigh never completed the applicable probationary period because the probationary period could not commence until they had qualified for the position of police officer by examination and been appointed to that position from an eligible list
 
 (see, Matter of Reis v New York State Hous. Fin. Agency,
 
 74 NY2d 724;
 
 Matter of Montero v Lum,
 
 68 NY2d 253,
 
 supra;
 
 Civil Service Law § 63). McHugh and Leigh were appointed as . "acting police officers” by resolution of the Village Board and not from an eligible list. Thus, as temporary employees with unlawfully extended appointments who had not been appointed from an eligible list, they failed to meet the requirements of Civil Service Law § 100 (5).
 

 
 *918
 
 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.