**154**

John P. MALONE, Plaintiff,

v.

Dennis McHUGH, Roger Leigh, Village of Nissequogue, Gordon T. Hall, James J. Mc Donagh, Richard H. Knight, C. Joseph Goodwin, John J. Mc Nulty, Paul C. Matthews, Robert M. Baum, Joseph L. Schroeher, Thomas J. Lynch, Does 1–12, Defendants.

No. CV 91–2416 (ADS).

United States District Court, E.D. New York.

Nov. 2, 1991.

James P. Malone, Rockville Centre, N.Y., for plaintiff.

Cahn Wishod Wishod & Lamb (Scott M. Karson, of counsel), Melville, N.Y., for defendants Village of Nissequogue, Dennis McHugh, Roger Leigh, Gordon T. Hall, James J. McDonagh, Richard H. Knight, C. Joseph Goodwin, John J. McNulty, Paul C. Matthews, Robert M. Baum, Joseph L. Schroeher and Thomas J. Lynch.

### MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

The remaining defendants in this action move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking to dismiss the complaint on the grounds of: (1) failure to file a notice of claim; (2) statute of limitations; (3) *res*

*judicata* and collateral estoppel; (4) failure to state a cause of action; and (5) lack of a genuine material issue as to any material fact. The defendants also move for costs and Rule 11 sanctions. The plaintiff cross-moves for an order "restraining defendants and their attorneys form [sic] referring to Defendants McHugh and Leigh as 'police officers'" and for costs and Rule 11 sanctions.

In the instant complaint, the plaintiff has alleged a violation of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. However, many of the fifteen causes of action which he recites are duplicative of the causes alleged in a previous action. The two new causes of action are (1) a R.I.C.O. claim, 18 U.S.C. § 1961, based on fraud, and (2) the plaintiff's alleged illegal arrest based upon his claim that defendants McHugh and Leigh were not duly appointed certified "police officers" under the Civil Service Act.

Having reviewed the papers submitted by the parties and having heard oral argument of these motions on November 1, 1991, the Court grants the defendants' motion for summary judgment for the reasons stated in the record at oral argument, including those set forth below.

I. With respect to the pendent state law claims prior to the January 22, 1990 decision of the Appellate Division, Second Department concerning the status of village police officers McHugh and Leigh, the Court finds that the doctrines of *res judicata* and collateral estoppel are applicable based upon prior actions entitled *John P. Malone v. County of Suffolk*, CV 87–1712, brought in the United States District Court for the Eastern District of New York (Korman, U.S.D.J.), and *Malone v. Village of Nissequogue, Dennis McHugh and Roger Leigh*, Index No. 87–10585, brought in Supreme Court, Suffolk County (Baisley, J). In the federal action, Judge Korman granted the defendant Suffolk County's motion for summary judgment, finding that the County could not be held liable for the conduct of the Village of Nissequogue police nor the prosecutor as alleged in the complaint. In the Suffolk County Supreme Court action, Judge Baisley granted the defendants' motion for summary judgment and dismissed the complaint. Based upon these findings, the pendent state law claims are dismissed as to all the remaining defendants.

II. As to the pendent state law claims brought as a result of the Appellate Division Second Department's January 22, 1990 decision in *In re Village of Nissequogue v. Suffolk County Department of Civil Service*, 157 A.D.2d 784, 550 N.Y.S.2d 384, the Court finds that the action is barred by the statutory limitations period imposed by New York General Municipal Law. Section 50–i of the General Municipal Law requires that a notice of claim be served in compliance with General Municipal Law § 50–e as a condition precedent to commencement of an action against a village. General Municipal Law § 50–e requires in pertinent part that

"in any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation ... the notice shall be served ... within 90 days after the claim arises."

The only tolling provisions indicated in the statute are for infancy or disability. The New York Court of Appeals clarified these time limits in *Cohen v. Pearl River Union Free School District*, 51 N.Y.2d 256, 434 N.Y.S.2d 138, 414 N.E.2d 639 (1980), stating as follows:

"Section 50–i ... of the General Municipal Law, which limits the time for bringing an action against a public corporation to 'one year and ninety days after the happening of the event upon which the claim is based,' has generally been regarded as a Statute of Limitations subject to the tolls for infancy and insanity provided in CPLR 208 ..."

The plaintiff did not file a notice of claim until April 6, 1990, more than five and one-half years after the arrest which is the foundation of this suit. Plaintiff erroneously contends that the January 22, 1990 decision of the Appellate Division, Second Department gives rise to a new cause of

action so that the notice of claim provisions did not begin to run until that date. However, the Court holds as a matter of law that the plaintiff's cause of action is predicated upon the underlying arrest on December 12, 1984, and that the time limitations imposed by § 50–e and 50–i began to run as of that date. It is clear that the circumstances of the instant case do not fall within the tolling provisions for infancy or insanity. The plaintiff's pendent state law claims are therefore time-barred.

Neither did the plaintiff ever seek leave to file a late notice of claim pursuant to § 50–e(5) of the General Municipal Law. Even had he done so, his claim does not come within any of the factors which the statute outlines, such as infancy, mental or physical incapacity, excusable error concerning the identity of the public corporation, among others. As the New York Court of Appeals noted in *Pierson v. City of New York*, 56 N.Y.2d 950, 453 N.Y.S.2d 615, 439 N.E.2d 331 (1982), where the time for filing a notice of claim against a municipality "without court approval has expired and no application for an extension was made prior to expiration of the statute of limitations, the court lacked power to authorize late filing of the notice." As to all of the defendants, the pendent state law claims based upon the January 22, 1990 Appellate Division decision must be dismissed.

The only remaining actions, therefore, are the R.I.C.O. and civil rights claim against McHugh, Leigh, and the Village of Nissequogue.

■ III. With regard to the plaintiff's civil rights claim pursuant to 42 U.S.C. § 1983 against defendants McHugh, Leigh and the Village of Nissequogue, the defendants move for dismissal based on failure to state a cause of action. The plaintiff claims that the officers' terms had expired and that they were working illegally at the time of the arrest. Under these circumstances, the plaintiff contends that the arrest was an illegal search and seizure in violation of the U.S. Constitution.

New York Village Law § 8–800 states in pertinent part that

"[t]he board of trustees of a village may, by resolution, establish a police department of such village and may appoint such personnel as may be needed, and fix their compensation. . . ."

This section must be read in conjunction with the applicable Civil Service statutes. New York Civil Service Law § 58 provides as follows:

*"Requirements for provisional or permanent appointment of certain police officers*

1. Notwithstanding any other provision of this law or any general, special or local law to the contrary, *no person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer of* the capital police force of the state office of general services after June first nineteen hundred seventy-eight, *or as a police officer of any police force, or police department of any* county, city, town, *village,* housing authority or police district unless he shall satisfy the following basic requirements . . .

3. As used in this section, the term "police officer" means a members of the . . . police department, or other organization of a county, city, town, village, housing authority or police district, who is responsible for the prevention and detection of crime and the enforcement of the general criminal laws of the state. . . ."

Section 64 of the Civil Service Law states:

"1. . . . *A temporary appointment may be made for a period not exceeding three months when the need for such service is important and urgent . . .*

Successive temporary appointments shall not be made to the same position after the expiration of the authorized period of the original temporary appointment to such position.

2. Temporary appointments from eligible lists. A temporary appointment for a period not exceeding three months may be made *without regard to existing eligible lists.* A temporary appointment for a period exceeding three months but not exceeding six months may be by the

selection of a person from an appropriate eligible list, if available, without regard to the relative standing of such person on such list...." [emphasis supplied] It is clear from the language in both statutes that one cannot be appointed as a police officer beyond a three-month temporary position without taking the civil service examination and obtaining a spot on the eligible lists.

On the other hand, the defendants assert that at the time of the arrest, McHugh and Leigh were acting as authorized police officers, pursuant to New York Criminal Procedure Law § 1.20(34)(d) which states

"34. 'Police officer.' The following persons are police officers:

(d) A sworn officer of an authorized police department or force of a city, town, village or police district."

This Court takes note of the fact that neither the decision of the Appellate Division, Second Department dated January 22, 1990 nor the decision of the New York Court of Appeals dated April 2, 1991 held that the two men were improperly employed from the start—the courts held only that they were employed for too long a period without having obtained a qualifying civil service test score. As the plaintiff correctly relates, the appellate courts held that "the Village was required to replace them [McHugh and Leigh] with police officers hired from an eligible civil service list."

■ This Court also relies upon the *"de facto* officer doctrine" which states that the acts of one who carries out the functions of a public office under color of authority are generally valid as to third persons and the public, and hence immune from collateral attack, notwithstanding irregularities in the manner in which the officer was appointed (*see County of Ontario v. Western Finger Lakes Solid Waste Management Authority,* 167 A.D.2d 848, 561 N.Y.S.2d 954 [4th Dept. 1990]). In *County of Ontario,* the court also stated that

"[a] presumptively valid but defeasible appointment does not warrant invalidation of the acts of the appointee or the body to which he was appointed.... The de facto officer doctrine is founded upon reasons of policy and necessity; it protects the interests and reasonable expectations of the public, which must rely on the presumptively valid acts of public officials" (*id.* at page 849, 561 N.Y.S.2d 954).

By way of analogy, the Court looks to *People v. Jackson,* 163 A.D.2d 489, 558 N.Y.S.2d 590 (2d Dept.1990), *appeal denied,* 76 N.Y.2d 1022, 565 N.Y.S.2d 772, 566 N.E.2d 1177 (1990), in which an Assistant District Attorney who was not admitted to the bar had prosecuted the respective defendant and the trial court vacated the conviction on that basis. The Second Department reversed the trial court's vacatur, noting

"Although it was improper for Assistant District Attorney Penofsky to have prosecuted this matter, since he was not admitted to the practice of law in this State, the defendant has failed to demonstrate any resulting prejudice. Absent such a showing of prejudice, this procedural irregularity is insufficient to constitute reversible error" (*citing People v. Reyes,* 161 A.D.2d 201, 554 N.Y.S.2d 587).

In like fashion, the plaintiff in the instant action has failed to show any prejudice.

■ In addition, the Court finds that the fact that the police officers were not authorized to continue in such a capacity does not, by itself, cause the arrest to be an unreasonable search and seizure or a violation of due process. The plaintiff was convicted of driving while impaired. Thus, the arrest was based on probable cause, as a matter of law. The fact that the officer was no longer authorized to act as a police officer may have certain legal ramifications, but in this Court's view, that fact alone does not convert a lawful arrest into a federal constitutional violation within the purview of § 1983. The police officers' lack of tenure had nothing to do with the nature of the arrest.

Given all of these circumstances, the Court finds that the fact that McHugh and Leigh were replaced with officers from an

eligible civil service list did not alter their status as police officers while they were doing the job with regard to a § 1983 action. The termination of the two defendants did not vitiate the validity of the plaintiff's driving while impaired arrest and conviction *nunc pro tunc*.

■ IV. The plaintiff claims that the Village of Nissequogue's maintenance of the record of plaintiff's conviction for driving while impaired and the transmission of that information to the Department of Motor Vehicles and the F.B.I. constitutes mail fraud and wire fraud, and that such repeated acts sustain a complaint under RICO.

Counsel for the defendants notes that the plaintiff cites no law to substantiate his claim that the conviction is a fraud based upon the dismissal of the two police officers. The Court finds that the plaintiff has failed to (1) identify an enterprise; (2) show a pattern of racketeering activity as defined by 18 U.S.C. § 1964(c); (3) show a violation of § 1962; (4) demonstrate injury to his business or property; and (5) establish causation of the injury by the violation (*see Sedima v. Imrex Company, Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 [1985]; *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 [2d Cir.1990] ).

The transmission of the information regarding the defendant's valid conviction does not constitute mail or wire fraud, as a matter of law. In addition, all of these occurrences do not constitute a "pattern" of racketeering acts that demonstrate a threat of continuity sufficient to establish such a "pattern." Even assuming that all the facts stated by the plaintiff are true, there is but a single occurrence and not the continuous criminal activity envisioned by the Congress (*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 [1989]; *Creative Bath Products v. Connecticut General Life Insurance Co.*, 837 F.2d 561, 564 [2d Cir.1987]; *USA Network v. Jones Intercable, Inc.*, 729 F.Supp. 304, 317 [S.D.N.Y. 1990] ). In light of the above, the R.I.C.O. cause of action cannot stand.

Based on the foregoing, it is hereby

ORDERED, that the defendants' motion for summary judgment dismissing the pendent state law claims existing prior to the January 22, 1990 decision of the Appellate Division, Second Department on the basis of *res judicata* and collateral estoppel, as against all of the defendants is granted; and it is further

ORDERED, that the defendants' motion for summary judgment dismissing the pendent state law claims existing subsequent to the January 22, 1990 decision of the Appellate Division, Second Department on the basis of the action being time-barred under New York General Municipal Law §§ 50–e and 50–i, as against all of the defendants, is granted; and it is further

ORDERED, that the motion for summary judgment dismissing the plaintiff's civil rights claim pursuant to 42 U.S.C. § 1983, as against defendants McHugh, Leigh and the Village of Nissequogue, is granted; and it is further

ORDERED, that the motion for summary judgment dismissing the plaintiff's R.I.C.O. claim for mail fraud and wire fraud, as against the defendant Village of Nissequogue, is granted; and it is further

ORDERED, that the defendants' motion for costs and sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is denied; and it is further

ORDERED, that the plaintiff's cross-motion for an order restraining defendants and their attorneys from referring to defendants McHugh and Leigh as "police officers" is denied; and it is further

ORDERED, that the plaintiff's cross-motion for costs and Rule 11 sanctions is denied.

Accordingly, the entire complaint is dismissed as against all defendants and this case is terminated.

SO ORDERED.