(March 25, 1993)

■ In the Matter of HOWARD A. SHAFER, Individually and as President of the New York State Public Employees Federation, AFL-CIO, Appellant, v JOSEPHINE L. GAMBINO et al., Constituting the New York State Civil Service Commission, et al., Respondents. [595 NYS2d 572] —Yesawich Jr., J. Appeal from an amended judgment of the Supreme Court (Keniry, J.), entered October 9, 1991 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition on the ground that the challenged administrative determination is not ripe for judicial review.

On December 5, 1989, respondent Division of Criminal

Justice Services (hereinafter DCJS) requested respondent Civil Service Commission (hereinafter the Commission) to place two newly created positions, associate and senior training technicians in the drug abuse resistance education program set up by a DCJS bureau, in the noncompetitive class; petitioner opposed the classification on the ground that the positions could properly be filled through competitive examination. Without setting forth reasons for its decision, the Commission, at a meeting held in July 1990, approved the request and added the positions to the noncompetitive class, subject to the Governor's approval. Respondents Kenneth Buniak and Alton Hoke were appointed to the new positions, without examination, in February and July 1990, respectively, and have been serving on a temporary basis since that time.

In November 1990, petitioner commenced this proceeding charging that placement of these two positions in the noncompetitive class was arbitrary and capricious. Respondents moved to dismiss the proceeding on the ground that the classification determination was neither final nor ripe for judicial review. Supreme Court granted the motion and dismissed the petition. Petitioner appeals.

Inasmuch as these positions remain classified as competitive until action is taken by the Governor, the reclassification of which petitioner complains has not yet taken effect and, indeed, may never take effect, thus, there is no actual controversy ripe for judicial review (see, Matter of Weeks v Kraft, 147 App Div 403, 405-407, appeal dismissed 205 NY 585). Petitioner is not, however, remediless. This concern that the Governor may never act on the resolution, thereby circumventing the requirements of the Civil Service Law and frustrating the intent of the constitutional mandate of merit selection, can be raised by bringing a proceeding to compel the Governor to act on the resolution. If the Governor approves the resolution, the classification can then be challenged.

As for petitioner's assertion that because some two years have passed since these positions were filled a de facto reclassification of them has been effected, this is an argument that goes not to the finality of the reclassification, but rather to the issue of whether the temporary appointments of Buniak and Hoke were unlawfully extended (see, Civil Service Law §§ 42, 64; Matter of Village of Nissequogue v Suffolk County Dept. of Civ. Serv., 77 NY2d 915, 916-917), a matter which is not before us.

Weiss, P. J., Levine and Crew III, JJ., concur.

Casey, J. (dissenting). Although the amendment of the rules of respondent Civil Service Commission (hereinafter the Commission) to place the two newly created positions at issue in the noncompetitive jurisdictional class is not effective until approved by the Governor, this proceeding should not be dismissed. In reviewing the placement of civil service positions outside the competitive class, the courts examine the rationality of the Commission's determination concerning the practicability of using competitive examinations (see, *Matter of Grossman v Rankin,* 43 NY2d 493, 502-503; *Matter of Goodfellow v Bahou,* 92 AD2d 1085, *lv denied* 59 NY2d 606), not the rationality of the Governor's approval. Insofar as the Commission is concerned, its determination challenged by petitioner is final and complete; the Commission contemplates no further proceedings or review of the matter. Equally important is the fact that, as a practical matter, the determination has actually had an impact on petitioner's members, which distinguishes this case from *Matter of Weeks v Kraft* (147 App Div 403, *appeal dismissed* 205 NY 585). Respondents concede that the positions remain in the competitive class until the Governor approves the amendment placing them in the noncompetitive class, but as a result of the pending placement of the positions in the noncompetitive class respondents filled the positions by the "temporary" appointments of respondents Kenneth Buniak and Alton Hoke, which have now continued for more than 2½ years. It is apparent that no competitive examinations have been held or scheduled even though the positions remain in the competitive class.

In these circumstances, it is my view that the matter is sufficiently ripe to permit judicial review. Considering the degree of hardship to petitioner, the effect on the administrative agency and the need for judicial economy, factors which are relevant in determining whether a challenge to administrative action is ripe (see, *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 520), petitioner should not be required to pursue a proceeding in the nature of mandamus against the Governor before challenging the administrative determination that effectively prevents the use of competitive examinations for the two positions at issue. The amended judgment should therefore be reversed and respondents' motions should be denied.

Ordered that the amended judgment is affirmed, without costs.