■ DENNIS McHUGH et al., Respondents, v JAMES J. McDONAGH et al., Appellants. [623 NYS2d 290] —In an action pursuant to Civil Service Law § 95 to recover damages for services rendered by the plaintiffs as "Acting Police Officers" for the Incorporated Village of Nissequogue, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 15, 1993, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs Dennis McHugh and Roger Leigh were each appointed as an "Acting Police Officer" by resolution of the Village Board of the Village of Nissequogue. This Court subsequently held that their appointments and the extensions of their appointments were unlawful, as violative of the Civil Service Law (see, Matter of Village of Nissequogue v Suffolk County Dept. of Civ. Serv., 157 AD2d 784, affd 77 NY2d 915).

The plaintiffs then commenced the instant action pursuant to Civil Service Law § 95 against present and former public officials of Nissequogue to recover damages for services rendered by the plaintiffs while functioning as "Acting Police Officers". The defendants moved to dismiss the action pursuant to CPLR 3211 based on Statute of Limitations and notice of claim defenses. The motion was granted to the extent of dismissing each of the plaintiffs' claims as "barred by plaintiffs' failure to timely file a notice of claim and by the expiration of the applicable statute of limitations" except that portion of plaintiffs' complaint seeking compensatory damages from July 27, 1989, through January 28, 1990, inclusive. No appeal was taken from that order.

Thereafter, the defendants cross-moved for summary judgment dismissing the remainder of the plaintiffs' complaint. The defendants contended, inter alia, that the complaint should have been dismissed because the plaintiffs assumed the risk that they would not be compensated after the Village informed them that absent certification of the Village's payroll by the Suffolk County Department of Civil Service, it

would be a crime to pay their salary. The court denied the defendants' motion, holding that there were questions of fact which precluded the granting of summary judgment. We now affirm.

The Supreme Court did not err in finding genuine issues of material fact which precluded the granting of summary judgment; e.g., whether, as a result of a letter from Mayor Riis, the plaintiffs are entitled to payment for the services rendered to the Village during the pendency of the proceeding pursuant to CPLR article 78, or whether, having been placed on notice of what the Mayor referred to as a "legal dilemma", the plaintiffs assumed the risk of nonpayment.

We have reviewed the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Hart, JJ., concur.