■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v STATE OF NEW YORK DEPARTMENT OF CIVIL SERVICE et al., Respondents. [672 NYS2d 933] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 30, 1997 in Albany County, which converted an action for declaratory judgment into a proceeding pursuant to CPLR article 78 and granted respondents' motions to dismiss the petition.

In this proceeding, petitioners, individuals now or formerly employed by the State Fair Division of respondent Department of Agriculture and Markets in the positions of general mechanic (noncompetitive class) or security services aide (labor class) and their collective bargaining agent, seek judgment compelling respondent Commissioner of Civil Service to grant the individual petitioners permanent employment status. After rejecting defenses of the Statute of Limitations and failure to exhaust administrative remedies and reaching the merits of the proceeding, Supreme Court dismissed the petition on the basis of its conclusion that the individual petitioners were hired as temporary employees, did not thereafter obtain permanent status by operation of law or otherwise, and are not legally entitled to permanent status. Petitioners appeal and we affirm.

Initially, we reject the contention that the individual petitioners have always been permanent employees. With the exception of one obviously erroneous entry on a postretirement form prepared by respondent Department of Civil Service relative to petitioner John L. Ruston, all record evidence on the issue establishes that the individual petitioners were appointed to temporary positions. The record shows that the State Fair Division has fewer than 10 full-time employees, including the individual petitioners, and receives no State funding but must rely on the revenue from the Annual State Fair, building rental and exhibition fees, concession fees and sponsorship money for its operation. For that reason, the individual petitioners were hired on a temporary basis and their employment has been continued from year to year, in each case after a reassessment of the Division's current needs and resources.

We are also unpersuaded that the individual petitioners have

become permanent employees by operation of law. Fundamentally, "an unlawfully extended period of temporary service cannot ripen into a permanent appointment unless the appointee met all the requirements for permanent appointment at the time of the temporary appointment" (*Matter of Village of Nissequogue v Suffolk County Dept. of Civil Serv.*, 77 NY2d 915, 917; *see, Matter of Reis v New York State Hous. Fin. Agency*, 74 NY2d 724; *Matter of Montero v Lum*, 68 NY2d 253, 259). In this case, no permanent position ever existed. In their argument that "[a]ppointment to a noncompetitive or labor position ripens into a permanent appointment upon completion of the minimum probationary period, unless the employee is otherwise notified", petitioners mistakenly equate a probationary appointment to a permanent position with a temporary appointment (*see, e.g., Matter of Marlow v Tully*, 100 AD2d 786, *affd* 63 NY2d 918, *cert denied* 472 US 1010). Significantly, in the latter case the incumbent is entitled to none of the protections of the Civil Service Law or rules promulgated thereunder (*see, Koso v Greene*, 260 NY 491, 494-495; *Matter of Roberts v Parker*, 52 AD2d 651); significantly, 4 NYCRR 4.5, upon which petitioners place great reliance, applies only to permanent appointments. For similar reasons, petitioners can obtain no relief under Civil Service Law § 100 (5), which applies only to positions in the classified service of a civil service division (*see, Matter of Village of Nissequogue v Suffolk County Dept. of Civil Serv., supra*, at 916).

The parties' additional contentions either need not be considered or have been found to be lacking in merit.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.